On Application for Rehearing
 

 PER CURIAM.
 

 The opinion of January 14, 2011, is withdrawn, and the following is substituted therefor.
 

 Patricia Working, Rick Erdemir, and Floyd McGinnis (“the Working plaintiffs”) appeal from an order of the Jefferson Circuit Court denying their motion seeking an award of attorney fees and expenses following the conclusion of their legal action against the Jefferson County Election Commission and its members in their official capacities, namely, Probate Judge Alan King, Circuit Clerk Anne Marie Adams, and Jefferson County Sheriff Mike Hale (hereinafter collectively referred to as “the JCEC”). We vacate the order and remand with directions.
 

 These parties have previously been before this Court. See
 
 Working v. Jefferson County Election Comm’n,
 
 2 So.3d 827 (Ala.2008)
 
 (“Working I”).
 
 The facts underlying the substantive issues in this case are thoroughly set forth in
 
 Working I
 
 and will not be repeated here. Suffice it to say that the Working plaintiffs’ action challenged the validity of a special election held on February 5, 2008, for a seat on the Jefferson County Commission. The action sought declaratory and injunctive relief
 
 *20
 
 based on state-law and federal constitutional grounds. In particular, the Working plaintiffs averred that the challenged election infringed their rights (1) under the First and Fourteenth Amendments by “unauthorizedly diluting” their opportunities “to speak to voters about the candidates,” and (2) under the Fourteenth Amendment by denying them “equal protection of the laws, in light of the right to vote to fill vacancies conferred on persons in other counties of the State.”
 

 In
 
 Working I,
 
 this Court — on state-law grounds — held that the special election was invalid. We pretermitted discussion of the grounds the Working plaintiffs had asserted under the federal constitution. 2 So.3d at 841 n. 11.
 

 On August 27, 2008, the Working plaintiffs filed a motion in the trial court seeking attorney fees under the common-benefit doctrine and as a “prevailing party” pursuant to 42 U.S.C. § 1988. Subsequently, the Working plaintiffs filed a motion in the trial court, pursuant to Ala. Code 1975, § 6-6-20, to “enter an order providing for mediation of the pending motion[] for attorneys fees.” The motion stated, in pertinent part:
 

 “Plaintiffs have attempted to pursue discussions with counsel for the defendant [JCEC] for the purpose of resolving the pending [motion for a fee award], but those attempts have not resulted in any agreement. This court has set the pending motion[ ] for a hearing, and continued [it] at the request of counsel for the parties. The parties had anticipated that discussion would result in agreement. No discussions have occurred for a number of months, and recent efforts by Plaintiffs’ counsel to engage in discussion have been ignored by counsel by the defendant [JCEC].
 

 [[Image here]]
 

 “For these reasons, an order directing mediation (including an appointment of a mediator and a provision for completion within 45 days) is [an] appropriate way to attempt to resolve the pending motions, and is due to be entered as a matter of law.”
 

 The trial court did not order mediation. Instead, on March 30, 2010, it denied the Working plaintiffs’ motion for an award of attorney fees. In rejecting their argument based on the common-benefit doctrine, the court concluded that, although the Working plaintiffs had “prevailed, ... the victory [had] resulted in no real benefit to the public.” As for their claim based on § 1988, the “court agree[d] that the [Working] plaintiffs were prevailing parties in this litigation.” However, it held that the federal statute afforded no basis for a fee award, because, it concluded, the “alleged federal civil rights and First Amendment claims” were
 
 “not the focus
 
 of the litigation.” (Emphasis added.)
 

 From that order the Working plaintiffs appealed. One issue they raise on appeal is whether the trial court erred in
 
 sub silentio
 
 denying their motion for mediation. Specifically, they contend that the trial court failed to follow the mandate of § 6-6-20. They contend, in effect, that the trial court did not have the discretion to deny their motion for mediation. We agree.
 

 Section 6-6-20 provides, in pertinent part:
 

 “(b)
 
 Mediation is mandatory
 
 for all parties in the following instances:
 

 [[Image here]]
 

 “(2) Upon motion by any party. The party asking for mediation shall pay the costs of mediation, except attorney fees, unless otherwise agreed.
 

 “(3) In the event no party requests mediation, the
 
 trial court
 
 may, on its
 
 *21
 
 own motion, order mediation. The
 
 trial court
 
 may allocate the costs of mediation, except attorney fees, among the parties.
 

 “(c) If any party fails to mediate as required by this section, the court may apply such sanctions as it deems appropriate pursuant to Rule 37 of the Alabama Rules of Civil Procedure.
 

 [[Image here]]
 

 “(g) Where a claim of immunity is offered as a defense, the court shall dispose of the immunity issue before any ' mediation is conducted.”
 

 (Emphasis added.)
 

 “Although a trial court has discretion as to whether to stay the proceedings during the mediation, the
 
 trial court has to order mediation
 
 upon request of a party.”
 
 Ex parte Morgan County Comm’n,
 
 6 So.3d 1145, 1147 (Ala.2008) (noting that the trial court had no discretion to deny the motion of a party requesting mediation (emphasis added)). “ ‘Section 6-6-20, Ala.Code 1975, allows one party to
 
 require a court to order mediation
 
 of a dispute, irrespective of the position of any other party to the dispute.’ ” 6 So.3d at 1147 (quoting Alabama Civil Court Mediation Rules, Comment to Amendment to Rule 2, Effective June 26, 2002 (emphasis added)). See also
 
 Mackey v. Mackey,
 
 799 So.2d 203, 207 (Ala.Civ.App.2001) (mediation is mandatory when requested by a party).
 

 The JCEC contends that it is a State agency and that it is, therefore, immune from liability for attorney fees. However, this argument is made for the first time on appeal. In other words, the immunity argument was never made in the trial court. To be sure, § 6-6-20(g) requires resolution of immunity issues before ordering mediation. However, the statute — on its face — is directed to the “trial court.” In other words, it is the
 
 trial court,
 
 not this Court, that is directed to first address an immunity defense. To date, no such defense has been presented to the trial court. A party cannot circumvent the statute by arguing immunity in this Court after a demand for mediation has been denied in the trial court without the defense of immunity having been presented there. Thus, any discussion of the immunity issue by this Court would be premature at this time.
 

 In short, because the trial court was without the discretion to deny the demand for mediation, it prematurely addressed the merits of the motion for attorney fees. Consequently, the order of the trial court is vacated and the case is remanded for further proceedings consistent with § 6-6-20.
 

 APPLICATION GRANTED; OPINION OF JANUARY 14, 2011, WITHDRAWN; OPINION SUBSTITUTED; ORDER VACATED; AND CASE REMANDED.
 

 COBB, C.J., and WOODALL, STUART, PARKER, MURDOCK, and SHAW, JJ., concur.