PITTMAN, Judge.
Michael Waddell appeals from a summary judgment in favor of Colbert County-Northwest Alabama Healthcare Authority, doing business as Helen Keller Hospital (“the hospital”), in a premises-liability action. We affirm.

Facts and Procedural History

On December 7, 2007, Waddell sued the hospital, asserting claims of negligence and wantonness and alleging that, on December 8, 2005, he was a visitor to the hospital when the elevator in which he was a passenger malfunctioned and plummeted from the fourth floor to the basement, injuring him.[1] Waddell’s wife also asserted a loss- *180 of-consortium claim.[2] In April 2010, the trial court set the case for trial on August 23, 2010.
The hospital moved for a summary judgment on July 23, 2010, attaching, among other materials, the affidavits of Jerry Ford and Chris Garrison. Ford, the director of plant operations for the hospital, stated that, from 2003 through 2008, the hospital had had an elevator-maintenance contract with ThyssenKrupp Elevator Corporation and that Chris Garrison had been the mechanic who had usually performed the maintenance. Garrison stated that, after the elevator had plunged to the basement with Waddell as a passenger, he had determined that the cause of the malfunction was a broken armature on the elevator’s FE relay. Garrison said that the only previous problem with the relay had occurred on July 20, 2005, when the relay had “stayed up intermittently.” Garrison explained that, on that occasion, he had taken the relay apart, repaired it, and tested it, after which he had determined that it was functioning properly. A week later, after receiving a report that the elevator was not operating, Garrison had again inspected the elevator, had located a problem that was unrelated to the relay, and had fixed that problem. Garrison said that, from July 28, 2005, to December 8, 2005, the date of the incident involving Waddell, he had performed regular maintenance on the elevator and had found no problems. Ford confirmed that there had been no reports of problems with the elevator during that period.
The trial court set the hospital’s summary-judgment motion for a hearing on August 10, 2010. On August 4, 2010, Wad-dell moved the trial court to continue the hearing and to order the parties to mediation. The hospital opposed Waddell’s motion, arguing that a party seeking to delay a ruling on a summary-judgment motion must comply with Rule 56(f), Ala. R. Civ. P.; that Waddell had had three years to conduct discovery and had filed no Rule 56(f) motion; and that the discovery deadline set out in the trial court’s scheduling order had already passed. Moreover, the hospital alleged, the parties’ “pre-suit negotiations ... [had] failed in 2007, and ... after litigating this matter for almost three years, [the hospital had] no desire to settle this case, and a mediation at this juncture would be a waste of time, money and resources.” Waddell responded by filing a Rule 56(f) affidavit, asserting that the hospital had misled him into thinking that “discovery would not be necessary because the case was a dispute over damages and not liability.” The trial court granted Waddell’s motion for a continuance but did not rule on the request for mediation.
The trial court rescheduled the hearing on the summary-judgment motion for September 22, 2010. Subsequently, Waddell moved for and obtained two more continuances of the hearing. Waddell still had not filed a response in opposition to the hospital’s summary-judgment motion on January 20, 2011, the latest date set for the hearing on the motion, when the hearing was continued to February 17, 2011, because of inclement weather. Waddell filed a response in opposition to the hospital’s summary-judgment motion on February 11, 2011. That response consisted of a three-paragraph legal argument without citation to authority, an unsworn statement from a safety consultant, Dr. Robert Hall, and a “preliminary report” in which Dr. Hall stated his “tentative opinions” that the sudden plummeting of the elevator was foreseeable, that the foreseeable *181 injury was “sudden injury or death,” and that the basic cause of the injury could be traced to “functional and premises-management defects.” The hospital moved to strike Dr. Hall’s statement and report on the basis that they were unsworn, that they failed to establish Dr. Hall’s qualifications to provide opinions in the case (and that any such opinions were wholly conclu-sory), and that they referred to documents that had not been sworn or certified.
The record does not contain a transcript of the hearing on February 17, 2011. On March 22, 2011, however, Waddell filed an amended response to the hospital’s summary-judgment motion, alleging that the trial court had allowed him extra time to submit a properly sworn affidavit and supporting documentation from Dr. Hall, as long as the new submission did not rely upon any additional evidence that had not previously been submitted. The trial court entered an order granting Waddell leave to file a new affidavit of Dr. Hall. On March 28, 2011, the hospital moved to strike Dr. Hall’s amended affidavit, asserting that, at the February 17, 2011, hearing, the tidal court had prohibited Waddell from submitting further evidence in opposition to the hospital’s summary-judgment motion and had allowed him to file only a “legal brief or argument.” The hospital pointed out that Dr. Hall’s amended affidavit contained new opinions that had not been included in the original unsworn statement.
On May 26, 2011, the trial court entered the following summary judgment in favor of the hospital:
“This cause came before this court for a hearing on the [hospital’s] motion for summary judgment. This case had been previously continued to allow [Waddell] to file opposition to said motion. At the hearing, [Waddell’s] response contained numerous deficiencies. Some of those deficiencies were due to a clerical error on the part of [Waddell’s] attorney’s office assistant. Although this court allowed a correction for clerical errors, after reviewing the matters contained therein, the correction for clerical errors did contain additional evidence. As [the hospital’s] attorney pointed out, this court informed [Waddell’s] attorney that [Waddell] would have an opportunity to file a legal argument, but that this court would accept no additional evidence, due to the fact that the case had been re-set numerous times to allow [Waddell’s] lawyer to file his pleadings.
“Upon consideration of the pleadings, the motion[ ] for summary judgment, and the arguments in court, the court is of the opinion that the [hospital] is entitled to a judgment as a matter of law, that there are no genuine issues as to any material facts, and the [hospital] has proven entitlement to summary judgment by substantial evidence.”
Waddell filed a timely notice of appeal on July 6, 2011. The appeal was transferred to this court pursuant to § 12-2-7(6), Ala. Code 1975.

Standard of Review

Appellate review of a summary judgment is de novo. Ex parte Ballew, 771 So.2d 1040 (Ala.2000). A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. A party moving for a summary judgment must make a prima facie showing “that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law.” Rule 56(c)(3); see Lee v. City of Gadsden, 592 So.2d 1036, 1038 (Ala.1992). If the movant meets this burden, “the burden then shifts to the nonmovant to rebut the movant’s *182 prima facie showing by ‘substantial evidence.’ ” Lee, 592 So.2d at 1038 (footnote omitted). “[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); see § 12-21-12(d), Ala.Code 1975.

Discussion

Waddell raises two issues on appeal: (1) whether the trial court erred in denying, sub silentio, his request for mediation in violation of § 6-6-20, Ala.Code 1975; and (2) whether he presented substantial evidence in opposition to the hospital’s motion for a summary judgment indicating that there were genuine issues of material fact as to the hospital’s liability for his injuries.
I.
Waddell argues that the trial court failed to follow the mandate of § 6-6-20, Ala.Code 1975, and Rule 2, Ala. Civ. Ct. Med. R., and thereby erred as a matter of law in not ordering mediation upon his request. It is true that § 6-6-20 “allows one party to require a court to order mediation of a dispute, irrespective of the position of any other party to the dispute,” Comment to Amendment to Rule 2, Ala. Civ.Ct. Med. R., effective June 26, 2002 (emphasis added), but it is also true that Waddell never obtained a ruling on his request for mediation and that he chose, instead, to defend against the hospital’s summary-judgment motion for the next seven months without mentioning the issue of mediation again. “ ‘ “A party cannot claim error where no adverse ruling is made against him.” ’ ” Kappa Sigma Fraternity v. Price-Williams, 40 So.3d 683, 694 (Ala.2009) (quoting Alcazar Shrine Temple v. Montgomery Cnty. Sheriffs Dep’t, 868 So.2d 1093, 1094 (Ala.2003), quoting in turn Holloway v. Robertson, 500 So.2d 1056,1059 (Ala.1986)).
Waddell cites Working v. Jefferson County Election Commission, 72 So.3d 18 (Ala.2011), in support of the argument that the trial court ruled on the motion by denying it sub silentio. In Working, three Jefferson County residents challenged the validity of a special election and prevailed on appeal. On remand, the plaintiffs sought attorney fees and costs, based on the common-benefit doctrine and their status as “prevailing parties” under 42 U.S.C. § 1988; they moved the trial court to enter an order providing for mediation of the attorney-fee issue. The trial court did not order mediation but denied the plaintiffs’ motion for an attorney-fee award on the merits. From that order, the plaintiffs appealed, arguing that the trial court had erred in sub silentio denying their motion for mediation. Our supreme court agreed that there had been a sub silentio denial. It held that mediation is mandatory when a party requests it, that the trial court had no discretion to deny the plaintiffs’ motion, and that the trial court had prematurely addressed the merits of the motion for attorney fees.
Working is distinguishable because the trial court in the present case did not sub silentio deny Waddell’s request for mediation. In light of the hospital’s response to Waddells’ request for mediation — that, “after litigating this matter for almost three years, [the hospital had] no desire to settle this case, and a mediation at this juncture would be a waste of time, money and resources” — and Waddell’s failure thereafter to press the trial court for a ruling on his request for mediation, the trial court was authorized to conclude that Waddell had reconsidered the advisability of seeking a mediated settlement and had decided, instead, to defend against the hospital’s *183 dispositive motion on the merits. In other words, the trial court was warranted in determining that Waddell had abandoned his request for mediation.
In the context of another method of alternative dispute resolution, our supreme court has stated that “[w]hether a party’s participation in an action amounts to an enforceable waiver of its right to arbitrate depends on whether the participation bespeaks an intention to abandon the right in favor of the judicial process and, if so, whether the opposing party would be prejudiced by a subsequent order requiring it to submit to arbitration.” Companion Life Ins. Co. v. Whitesell Mfg., Inc., 670 So.2d 897, 899 (Ala.1995) (emphasis added). Cf Roberts v. Roberts, 278 Wis.2d 814, 691 N.W.2d 928 (Ct.App.2004) (table) (unpublished opinion) (determining that litigant who had “requested mediation in a written pleading, but never objected to the court’s decision to proceed without it, despite numerous opportunities to do so,” had waived the right to mediation).
In the present case, Waddell’s actions for the seven-month period after August 4, 2010, bespoke an intention to abandon his right to mediation in favor of defending against the hospital’s dispositive motion. After he requested mediation, Waddell never sought a ruling on his request, nor did he file a petition for a writ of mandamus, see Ex parte Morgan Cnty. Comm’n, 6 So.3d 1145, 1147-48 (Ala.2008) (reviewing by mandamus an order denying a request for mediation because the petitioner had no other adequate remedy), or a post-judgment motion bringing the mediation request to the trial court’s attention. Instead, he sought three continuances of the hearing on the hospital’s summary-judgment motion and defended against that motion without ever mentioning his previous request for mediation.
When Waddell requested mediation on August 4, 2010, the parties had been litigating the case for 32 months. It appears that the request for mediation was an attempt to buy more time to respond to the hospital’s motion, which had been scheduled for a hearing on August 10, 2010. It further appears that Waddell was satisfied that, without insisting on mediation, he had succeeded in gaining more time to respond to the motion by having the hearing continued on three occasions. We do not believe that the mandatory mediation called for in § 6-6-20 permits Waddell’s attempt to “sandbag” the trial court by raising the issue now on appeal. Nor do we believe that reversing the trial court’s judgment with directions to order mediation would serve any useful purpose at this point.
II.
As a visitor to the hospital, Wad-dell was a business invitee to whom the hospital owed the duty to keep the premises in a reasonably safe condition by the exercise of ordinary and reasonable care. See Ex parte Wooten, 681 So.2d 149 (Ala.1996). “There is no presumption of negligence which arises from the mere fact of an injury to an invitee.” Tice v. Tice, 361 So.2d 1051, 1052 (Ala.1978). A premises owner is not an insurer of the safety of its invitees, and the doctrine of res ipsa loqui-tur is generally not applicable. Ex parte Harold L. Martin Distrib. Co., 769 So.2d 313, 314 (Ala.2000). “[A] mere malfunction [of the elevator] would be insufficient to invoke the doctrine of res ipsa loquitur under Alabama law, because ‘one can reasonably conclude that the accident could have happened without any negligence on the part of the defendant! ].’ ” Kmart Corp. v. Bassett, 769 So.2d 282, 287 (Ala.2000) (quoting Ex parte Crabtree Indus. Waste, Inc., 728 So.2d 155, 158 (Ala.1998)). “Generally, an invitee must show not only *184 that he was injured as the result of a defective condition on the owner’s premises, but also that the owner knew or should have known of the defective condition.” Edwards v. Intergraph Servs. Co., 4 So.3d 495, 502 (Ala.Civ.App.2008).
The materials submitted in support of the hospital’s summary-judgment motion established, prima facie, that the hospital had used reasonable care in providing for the inspection and maintenance of the elevator and that it neither knew nor should have known of the existence of the defective armature on the elevator’s FE relay. In opposition to the hospital’s summary-judgment motion, Waddell failed to timely present any admissible evidence, either that the hospital failed to inspect the elevator or maintain the elevator in a reasonably safe condition or that its inspection-and-maintenance contract with ThyssenKrupp was unreasonable. See Kmart Corp. v. Bassett, 769 So.2d at 285.
Citing Oliver v. Townsend, 534 So.2d 1038 (Ala.1988), Waddell maintains that the legal argument made by his attorney in opposing the hospital’s summary-judgment motion was itself sufficient to raise a genuine issue of material fact as to the hospital’s breach of duty. Oliver is inapt; the issue in that case was whether an attorney’s statements in a trial brief could satisfy the procedural requirements of Rule 56(f), not whether such statements could satisfy the substantive requirements of Rule 56(c)(3), Ala. R. Civ. P. See Oliver, 534 So.2d at 1042 (stating that “[w]e do not mean to imply that substantive facts can be established simply by an attorney’s signature on a brief. The matters represented here relate only to procedural matters not otherwise reflected in the record ....”).
The trial court acted within the limits of its discretion in refusing to consider new evidence submitted by Waddell 33 days after the hearing on the motion. “ ‘ “ ‘[T]he trial court can consider only that material before it at the time of submission of the motion’ and ... any material filed thereafter 'comes too late.’ ” ’ ” Ex parte Organized Cmty. Action Program, Inc., 852 So.2d 92, 95 (Ala.2002) (quoting Bean v. State Farm Fire & Cas. Co., 591 So.2d 17, 20 (Ala.1991), quoting in turn Sheetz, Aiken & Aiken, Inc. v. Spann, Hall, Ritchie, Inc., 512 So.2d 99, 101 (Ala.1987)).
Based on the foregoing authorities, we affirm the judgment of the Colbert Circuit Court.
AFFIRMED.
THOMPSON, P.J., and BRYAN and THOMAS, JJ., concur.
MOORE, J., concurs in the result, without writing.

. Waddell also sued fictitiously named defendants who, he alleged, were the entities responsible for the purchase, installation, maintenance, and repair of the elevator, but he never amended the complaint to substitute *180 actual defendants for the fictitiously named defendants.

. The wife's claim was later dismissed after she and Waddell divorced.