MAIN, Justice.
Patricia Working, Rick Erdemir, and Floyd McGinnis (“the Working plaintiffs”) appeal from a judgment entered by the Jefferson Circuit Court holding that the Jefferson County Election Commission (“the JCEC”), Probate Judge Alan King, Circuit Clerk Anne-Marie Adams, and Jefferson County Sheriff Mike Hale (hereinafter collectively referred to as “the JCEC defendants”) are immune from liability as to the plaintiffs’ attorney fees. We affirm *1231 in part and remand the case to the trial court for further proceedings.
This is the third time these parties have been before this Court. See Working v. Jefferson Cnty. Election Comm’n, 2 So.3d 827 (Ala.2008) (“Working I”), and Working v. Jefferson Cnty. Election Comm’n, 72 So.3d 18 (Ala.2011) (“Working II”). The factual background and procedural history of this case were set out in detail in Working I and will not be repeated here. Working II summarized the basis of the action:
“[T]he Working plaintiffs’ action challenged the validity of a special election held on February 5, 2008, for a seat on the Jefferson County Commission. The action sought declaratory and injunctive relief based on state-law and federal constitutional grounds.”
72 So.3d at 19-20.
In Working I, this Court addressed two issues regarding subject-matter jurisdiction before addressing the substantive question presented by the appeal — whether the special election held on February 5 was valid. Working I, 2 So.3d at 831-38. We held, on state-law grounds, that the election was invalid and that Governor Riley’s appointment of George F. Bowman to fill the vacancy on the Jefferson County Commission was lawful. 2 So.3d at 841-42. This Court pretermitted discussion of the grounds the Working plaintiffs had asserted under the United States Constitution. 2 So.3d at 841 n. 11.
On remand to the trial court, the Working plaintiffs, as a “prevailing party” pursuant to 42 U.S.C. § 1988, moved for an award of attorney fees under the common-benefit doctrine. Working II, 72 So.3d at 20. The Working plaintiffs also filed a motion for mediation of the motion for attorney fees pursuant to § 6-6-20, Ala. Code 1975. Id. The trial court did not order mediation. The trial court, however, entered an order denying the motion for an award of attorney fees, and the Working plaintiffs again appealed.
In Working II, this Court addressed the Working plaintiffs’ argument that “the trial court erred in sub silentio denying their motion for mediation,” 72 So.3d at 20, and vacated the trial court’s order denying the motion for an award of attorney fees and remanded the case. The Working plaintiffs argued that, according to § 6-6-20, the trial court did not have the discretion to deny such a motion. This Court held:
“ ‘Although a trial court has discretion as to whether to stay the proceedings during the mediation, the trial court has to order mediation upon request of a party.’ Ex parte Morgan County Comm’n, 6 So.3d 1145, 1147 (Ala.2008) (noting that the trial court had no discretion to deny the motion of a party requesting mediation (emphasis added)). ‘ “Section 6-6-20, Ala.Code 1975, allows one party to require a court to order mediation of a dispute, irrespective of the position of any other party to the dispute.” ’ 6 So.3d at 1147 (quoting Alabama Civil Court Mediation Rules, Comment to Amendment to Rule 2, Effective June 26, 2002 (emphasis added)). See also Mackey v. Mackey, 799 So.2d 203, 207 (Ala.Civ.App.2001) (mediation is mandatory when requested by a party).
“The JCEC contends that it is a State agency and that it is, therefore, immune from liability for attorney fees. However, this argument is made for the first time on appeal. In other words, the immunity argument was never made in the trial court. To be sure, § 6-6-20(g) requires resolution of immunity issues before ordering mediation. However, the statute — on its face — is directed to the ‘trial court.’ In other words, it is the trial court, not this Court, that is directed to first address an immunity *1232 defense. To date, no such defense has been presented to the trial court. A party cannot circumvent the statute by arguing immunity in this Court after a demand for mediation has been denied in the trial court without the defense of immunity having been presented there. Thus, any discussion of the immunity issue by this Court would be premature at this time.
“In short, because the trial court was without the discretion to deny the demand for mediation, it prematurely addressed the merits of the motion for attorney fees. Consequently, the order of the trial court is vacated and the case is remanded for further proceedings consistent with § 6-6-20.”
Working II, 72 So.3d at 21.
On the second remand following this Court’s decision in Working II, the trial court directed the parties to file briefs on the immunity available under § 6-6-20, AIa.Code 1975. The Working plaintiffs and the JCEC defendants filed briefs on June 8, 2012. The Working plaintiffs sought attorney fees on both their state-law claims and their federal-law claims.
Subsequently, pursuant to § 6-6-20(g), Ala.Code 1975, the trial court denied the Working plaintiffs’ motion for mediation and motion for attorney fees on the basis that the JCEC defendants were entitled to sovereign immunity and, therefore, were immune from liability for attorney fees. In its order entered in July 2012, the trial court stated:
“This case is again before the Court after an order of remand from the Supreme Court of Alabama issued on April 22, 2011. This case arose from challenges by the plaintiff taxpayers to the attempts to fill a seat on the Jefferson County Commission left vacant when Commissioner Larry Langford was elected Mayor of the City of Birmingham in October 2007. This Court ruled that the vacant seat was to be filled by a special election rather than by gubernatorial appointment. The Supreme Court reversed this Court’s judgment in Working v. Jefferson County Election Commission, 2 So.3d 827 (Ala.2008).
“On remand, at the conclusion of their legal action, the plaintiffs moved for an award of attorney fees and expenses from the defendants, the Jefferson County Election Commission (‘JCEC’) and its members in their official capacities, Probate Judge Alan King, Circuit Clerk Anne-Marie Adams, and Jefferson County Sheriff Mike Hale. This Court denied the plaintiffs’ motion and they again appealed to the Alabama Supreme Court.
“In Working v. Jefferson County Election Commission (‘Working II ’), 72 So.3d 18 (Ala.2011), the Supreme Court issued an opinion on January 14, 2011, but that opinion was withdrawn by the Court in its Order of April 22, 2011.
“The Supreme Court reversed this Court’s denial of the request for an attorney fee award because this Court did not grant the plaintiffs’ demand for mediation on that issue. The case was remanded for further proceedings consistent with Ala.Code 1975, § 6-6-20.
“In its Order of Remand, the Supreme Court [held that the trial court did not have the discretion to deny the motion for arbitration and prematurely addressed the merits of the motion for attorney fees].
“The defendants, the JCEC and its members, oppose the plaintiffs’ demand for mediation. They also oppose the plaintiffs’ motion for attorney fees and expenses on the basis of governmental immunity granted in Article 1, § 14, Alabama Constitution of 1901.
*1233 “On remand, this Court has heard and considered arguments of counsel and legal briefs.

“I.

“WAIVER OF IMMUNITY DEFENSE

“As an initial matter, the Court must address the validity of the Working plaintiffs’ argument that the defendants have waived their right to assert an immunity defense. Under Article 1, § 14 of the Alabama Constitution, ‘the state of Alabama shall never be made a defendant in any court of law or equity.’ This principle ‘acts as ' a jurisdictional bar to an action against the State by precluding a court from exercising subject-matter jurisdiction.’ Lyons v. River Road Constr., Inc., 858 So.2d 257, 261 (Ala.2003) (citing Alabama State Docks Terminal Ry. v. Lyles, 797 So.2d 432, 434 (Ala.2001)).
“While other defenses may be waived, ‘[t]he State of Alabama has absolute immunity from lawsuits, [and] [t]his immunity extends to arms or agencies of the state.’ Ex parte Troy Univ., 961 So.2d 105, 111 (Ala.2006); see also Haley v. Barbour County, 885 So.2d 783, 788 (Ala.2004). Although sovereign immunity does not generally ‘extend to counties or county agencies,’ Ex parte Tuscaloosa County, 796 So.2d 1100, 1103 (Ala.2000), “when a county ... acts as an agent of the state, it is entitled to share in the state’s absolute immunity.’ Id. In addition, ‘this immunity may not be waived.’ Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala.2002); see also Haley, 885 So.2d at 788. Therefore, sovereign immunity becomes a ‘jurisdictional bar’ rather than an affirmative defense. Ex parte Alabama Dep’t of Transp., 985 So.2d 892, 894 (Ala.2007).
“Thus, the plaintiffs’ argument that the defendants waived the defense of sovereign immunity fails. That defense cannot be waived.

“II.

“A CLAIM AGAINST THE STATE?
“Since the immunity defense cannot be waived, the next issue before this Court is whether the Working plaintiffs’ motion for attorney fees and expenses against the defendants is, in fact, a claim against the State which would be precluded by § 14.
“The Court would first note that the original complaint in this case contained this allegation in Paragraph 2: ‘Defendant Jefferson County Election Commission is an agency of the State of Alabama, and it is responsible for canvassing and declaring the result of elections conducted for voters on non-municipal matters.’ Plaintiffs also alleged that the individual members of the JCEC were named ‘solely for the purpose of securing any needed relief in the nature of a writ of mandamus.’ The defendants’ answer admitted the allegations.
“In its January 14, 2011, Order, the Alabama Supreme Court analyzed the JCEC’s immunity pursuant to the [Armory Commission of Alabama v.] Staudt, [388 So.2d 991 (Ala.1980),] test. Although the order was withdrawn and is not binding, this court agrees with the Alabama Supreme Court’s reasoning, and neither the facts nor the law have changed since the opinion was written. Specifically, the Court explained:
“ ‘First, we must examine the character of the powers delegated to the JCEC by the legislature.
“ ‘As noted in Working I, the JCEC is composed of the probate judge, the sheriff, and the clerk of the circuit court of Jefferson County. 2 So.3d at *1234 829; see also Davis v. Reynolds, 592 So.2d 546, 548 n. 2 (Ala.1991) (“In Jefferson County, the ‘board of supervisors’ is commonly known as the Jefferson County Election Commission, and it is composed of the judge of probate, the sheriff, and clerk of the circuit court.”). In 2006, the legislature amended (and renumbered) certain sections of Title 17, Ala.Code 1975, by, among other things, substituting the phrase “canvassing board” for “board of supervisors.” See §§ 17-12-9; 17-12-11; 17-12-16; 17-14-33; 17-14-51; and 17-14-72. Section 17-1-2(6) defines “canvassing board,” in relevant part, as follows: “In all elections except primary elections, the canvassing board consists of the judge of probate, circuit clerk, and sheriff of the county.”
“ ‘The legislature has authorized the creation of canvassing boards such as the JCEC; this is evident from the numerous mandatory duties prescribed to canvassing boards by statute. See, e.g., § 17-12-9 (“The canvassing board must,' as soon as they have ascertained the result of an election, make on forms furnished by the Secretary of State certification stating the exact number of votes cast in the county by voting place for each person voted for and the office for which such person was voted for, and file the certificates with the judge of probate. ...” (emphasis added)); § 17-12-16 (“Immediately after ascertaining the results of an election for county officers, including members of the House of Representatives of the Legislature, the canvassing board must make in writing a public certification of the result, stating the name of each officer elected and the office to which elected.” (emphasis added)); § 17-14-33 (“In all elections for electors for President and Vice President, the canvassing board of each county must within five days after making the statement of the county vote by precincts return the result of the same to the Secretary of State.” (emphasis added)); and § 17-14-72 (“In all elections for representatives in Congress, the canvassing board of each county must, within five days after making the statement of the county vote by precincts, return the result of the same to the Secretary of State.” (emphasis added)).
“ ‘Based on our research and the limited information provided by the parties, it appears that the JCEC acts only when authorized by statute and only in the manner authorized by statute.
“ ‘Second, we must examine the relationship between the JCEC and the State, and lastly, we must examine the nature of the functions performed by the JCEC. We will review these Staudt factors together. •
“ ‘Our examination of the statutes quoted above shows that the primary duties of canvassing boards like the JCEC are to ascertain the results of elections for county, state, and federal offices and to return those results to the official designated under the applicable statute; this Court has previously stated that those duties are “ministerial” in nature. See Ex parte Krages, 689 So.2d 799, 805 (Ala.1997) (“The duty to canvass election returns and certify a winner is ministerial in nature.”...); and Ex parte Pollard, 251 Ala. 309, 313, 37 So.2d 178, 182 (1948) (“[Cjanvassing and tabulating the [election] returns and declaring the result thereof ... [is] a purely ministerial duty.”).
“ ‘A ministerial duty is defined as follows:
*1235 “ ‘ “The duty is ministerial, when the law, exacting its discharge, prescribes and defines the time, mode and occasion of its performance, with such certainty that nothing remains for judgment or discretion. Official action, the result of performing a certain and specific duty arising from fixed and designed facts, is a ministerial act.”
“ ‘Lucas v. Belcher, 20 Ala.App. 507, 508, 103 So. 909, 911 (1925) (quoting Grider v. Tally, 77 Ala. 422 (1884)).
“ ‘The duties performed by canvassing boards like the JCEC are statutorily mandated and ministerial in nature, i.e., the legislature has not made provisions for canvassing boards to exercise any judgment or discretion in the performance of their duties. After examining, as we must, all the factors in the relationship between JCEC and the State, see Staudt, 388 So.2d at 993 (“All factors in the relationship must be examined to determine whether the suit is against an arm of the state... ”), we conclude that the JCEC’s powers, its function, and its relationship to the State identify the JCEC as an “immediate and strictly governmental agency” of the State for purposes of § 14. See Ex parte Greater Mobile-Washington County Mental Health-Mental Retardation Bd., 940 So.2d [990] at 997 [ (Ala.2006) ].
“ ‘Because the JCEC is a State agency, the trial court was without subject-matter jurisdiction to entertain the Working plaintiffs’ action insofar as it sought an award of attorney fees and expenses against the JCEC based on the Working plaintiffs’ state-law claims. See Lyles, 797 So.2d at 435.’
“Working v. Jefferson County Election Comm’n, (Ala., Jan. 14, 2011). Opinion withdrawn and new opinion substituted.[1] i]
“Given this Court’s agreement with the Alabama Supreme Court’s analysis as to the JCEC’s classification as a state agency, thus qualifying the JCEC for sovereign immunity, the Working plaintiffs’ motion for mandatory mediation is due to be denied under § 6 — 6—20(g). The defendants are immune from liability for plaintiffs’ attorney fees and expenses. As a result of the immunity, this Court lacks subject-matter jurisdiction. See also Board of School Comm’rs v. Weaver, 99 So.3d 1210 (Ala.2012).
“It is Ordered and Adjudged pursuant to the mandate from the Alabama Supreme Court, that the plaintiffs’ Motion for Mandatory Mediation is hereby denied. The defendants, the Jefferson County Election Commission, Probate Judge Alan King, Circuit Clerk Anne-Marie Adams, and Jefferson County Sheriff Mike Hale, are immune from liability for plaintiffs’ attorney fees and expenses. Costs are taxed as paid.”
In its order, the trial court concluded that the JCEC defendants had not waived their immunity defense and that the Working plaintiffs’ motion for attorney fees against the JCEC defendants was precluded by § 14 of the Alabama Constitution as to the Working plaintiffs’ state-law claims. The Working plaintiffs then filed this, their third, appeal.
In its order, the trial court discussed only § 6-6-20 and the claim of immunity under § 14 of the Alabama Constitution as to the Working plaintiffs’ state- *1236 law claims; it did not address the Working plaintiffs’ federal-law claims under § 6-6-20.[2] Accordingly, the trial court has not completely complied with this Court’s mandate in Working II. Therefore, we are again compelled to remand this cause with instructions that the trial court enter a new order addressing the Working plaintiffs’ federal-law claims in compliance with § 6-6-20 and this Court’s mandate in Working II.
Based on the foregoing, we affirm the trial court’s judgment on the issue of immunity and state-law claims, but we remand the case with instructions on the issue concerning § 6-6-20 and the federal-law claims. The trial court shall make due return to this Court at the earliest possible time and within 42 days after the date of this opinion.
AFFIRMED IN PART; REMANDED WITH INSTRUCTIONS.*
MOORE, C.J., and STUART, PARKER, SHAW, and BRYAN, JJ., concur.
MURDOCK and WISE, JJ., concur in the result in part and dissent in part.

. In Working II, this Court, on rehearing, withdrew its opinion issued on original submission on January 14, 2011, and substituted a new opinion. The trial court quoted extensively from the withdrawn opinion.

. Section 6-6-20 provides, in pertinent part:
"(a) For purposes of this section, ‘mediation’ means a process in which a neutral third party assists the parties to a civil action in reaching their own settlement but does not have the authority to force the parties to accept a binding decision.
"(b) Mediation is mandatory for all parties in the following instances:
"(1) At any time where all parties agree.
"(2) Upon motion by any party. The party asking for mediation shall pay the costs of mediation, except attorney fees, unless otherwise agreed.
"(3) In the event no party requests mediation, the trial court may, on its own motion, order mediation. The trial court may allocate the costs of mediation, except attorney fees, among the parties.
"(g) Where a claim of immunity is offered as a defense, the court shall dispose of the immunity issue before any mediation is conducted.”

 Note from the reporter of decisions: On February 21, 2014, on return to remand, the Alabama Supreme Court affirmed, without opinion.