MURDOCK, Justice
(concurring in the result in part and dissenting in part).
Although I agree with the general thrust of the main opinion, I must concur in the result in part and dissent in part. Specifically, I concur in the affirmance of the trial court’s judgment insofar as the trial court refused to order mediation of the claim for attorney fees under state law given the trial court’s correct conclusion that, as to the state-law claims for attorney fees, the defendants enjoy sovereign immunity under Art. I., § 14, of the Alabama Constitution. Where I disagree with the main opinion is in its failure to address the issue of immunity as it relates to the plaintiffs’ claims for attorney fees under federal law.
Specifically, the main opinion remands the case for the trial court to consider the issue of immunity as it relates to the plaintiffs’ federal claims and, depending on the decision the trial court makes in this regard, to then consider whether the plaintiffs’ claims must be submitted to mediation pursuant to § 6-6-20, Ala.Code 1975.[3] I believe this Court should proceed in this present opinion to address that immunity issue and, in so doing, vacate the trial court’s judgment as to this issue and remand the case with a clear mandate to the trial court to order mediation as to the plaintiffs’ claims for attorney fees under federal law.
Admittedly, the approach being followed in the main opinion in the present case *1237 appears to comport with the holding of this Court in Working v. Jefferson County Election Commission, 72 So.3d 18 (Ala.2011) (“Working II ”). This fact — i.e., that we once again find ourselves remanding the case for the trial court to address the immunity issue — only serves to highlight what I now believe in retrospect to have been an error in that holding as to the proper procedure to be followed in cases such as this. , ''
Specifically, in Working II, we stated:
“[T]he immunity argument was never made in the trial court. To be sure, § 6-6-20(g) requires resolution of immunity issues before ordering mediation. However, the statute — on its face — is directed to the ‘trial court.’ In other words, it is the trial court, not this Court, that .is directed to first address an immunity defense.”
Working II, 72 So.3d at 21. Based on this rationale, we declined in Working II to address the immunity defense and, instead, remanded the case for the trial court to do so and then, if it found immunity not to be applicable, to order mediation. In retrospect, I believe our reading of the statute was unduly restrictive.
The applicable subsection of the statute does not actually refer to the “trial court” and, in any event, merely prescribes a rule of law that, like any other rule of law, naturally is to be applied in the first instance by the trial court.[4] Nothing about the statute purports to restrict the ability of an appellate court to review and correct trial-court error in the application of the rule, just as it would in any other type of case. To that end, I note that the question of immunity presented here is a pure question of law that can and should be addressed by this Court before remanding the case, at least where, as here, the question was preserved for appellate review in the trial court and properly argued on appeal to this Court.[5]
Accordingly, I now turn, as I believe the Court as a whole should do in this case, to the merits of the defendants’ immunity defense as it relates to the plaintiffs’ claim for attorney fees under federal law, i.e., 42 U.S.C. § 1988. Clearly, this claim, as a matter of law, is not barred by the only immunity defense asserted by the defendants in this case, i.e., immunity under § 14 of the Alabama Constitution. In light of the Supremacy Clause of the United States Constitution, U.S. Const. Art. VI, cl. 2, such state-law immunity is no defense to a federal claim of the nature asserted here. See State Bd. of Educ. v. Waldrop, 840 So.2d 893, 902 (Ala.2002) (Lyons, J., concurring specially) (“Under the Supremacy Clause of the United States Constitution (Art. VI), in tandem with the Fourteenth Amendment, the attorney fees permitted by 42 U.S.C. § 1988 are recoverable, notwithstanding a provision of a state constitution that might otherwise afford immunity to the party against whom the fees are sought.”). I would recognize this pure legal principle and vacate the trial court’s judgment insofar as it failed to order mediation of the plaintiffs’ claims for attorney fees under 42 U.S.C. § 1988 and remand *1238 the case with an instruction ordering the trial 'court to in turn order mediation of those claims.
WISE, J., concurs.

. It appears to me that this Court must both vacate the trial court’s judgment insofar as it pertains to the plaintiffs’ claims for attorney fees under federal law and remand the case.

. Section 6-6-20(g), Ala.Code 1975, states merely that "[w]here a claim of immunity is offered as a defense, the court shall dispose of the immunity issue before any mediation is conducted.”

. In addition and to the extent § 14 immunity is at issue in a case such as this, we may add to the equation the fact that such a question goes to the subject-matter jurisdiction of our courts and therefore can be raised for the first time on appeal. Atkinson v. State, 986 So.2d 408, 411 (Ala.2007) ("The assertion of State immunity challenges the subject-matter jurisdiction of the court; therefore, it may be raised at any time by the parties or by a court ex mero motu.").