MOORE, Chief Justice
(concurring specially in case no. 1141044).
I concur fully with the per curiam opinion of the Court. I write specially to indicate that, as an alternative to rendering a judgment for the State in case no. 1141044, I believe that we could also have remanded this case to the trial court for the purpose of instructing that court to “abide by former precedents.” 1 William Blackstone, Commentaries on the Latos of England *69.
“For it is an established rule to abide by former precedents, where the same points come again in litigation; as well to keep the scale of justice even and steady, and not liable to waver with every new judge’s opinion; as also because the law in that case being solemnly declared and determined, what before was uncertain, and perhaps indifferent, is now become a permanent rule, which it is not in the breast of any subsequent judge to alter or vary from, according to his private sentiments: he being sworn to determine, not according to his own private judgment, but according to the known laws and customs of the’ land; not delegated to pronounce a new law, but to maintain and expound' the old one.”

Id.

Because the trial court dismissed the State’s forfeiture petition on equal-protection and legislative- and voter-intent grounds, it did not address the State’s contention that the gambling machines seized at VictoryLand were illegal gambling devices. Ordinarily when a trial court does not reach an issue, but, because *846 of the disposition of an appeal, that issue now must be resolved, we remand the case for the trial court to address the issue. See Working v. Jefferson Cty. Election Comm’n, 152 So.3d 1230, 1237 (Ala.2013) (Murdock, J., concurring in the result in part and dissenting in part) (stating that “a rule of law ... naturally is to be applied in the first instance by the trial court”); Hood v. McElroy, 127 So.3d 325, 337 (Ala.2011) (noting that “questions of fact or mixed questions of law and fact ... should be addressed in the first instance by the trial "court, rather than this Court”); and Ex parte Valdez, 636 So.2d 401, 404 (Ala.1994) (stating that “it is not proper ... for this Court ... to make findings of fact where the trial court has failed or refused to do so”).
At the end of the main opinion we remind local law-enforcement officials in this State “to enforce the anti-gambling laws of this State that they are sworn to uphold.” 203 So.3d at 844. The failure to observe our precedents in this case, however, rests primarily with the trial judge. Instead of applying the “solemnly declared and determined” precedent in this case, 1 Blackstone, Commentaries *69, i.e., the plain-meaning definition of “bingo” as “solemnly” set forth in Barber v. Cornerstone Community Outreach, Inc., 42 So.3d 65 (Ala.2009), and subsequent cases, the trial court chose to ignore that “permanent rule which it is not in the breast of any subsequent judge to alter or vary from, according' to his private sentiments.” 1 Blackstone, Commentaries *69 (emphasis added). I note that two of the three most recent post-Cornerstone cases we' muster in the main opinion as evidence of the clarity of the law in this area — Ex parte State, 121 So.3d 337 (Ala.2013), and State v. Greenetrack, Inc., 154 So.3d 940 (Ala. 2014) — arose from the failure of trial judges to follow our precedent on the definition of bingo in local constitutional amendments.
A remand to the trial court would have served the purpose of reminding the trial judges of this State to “abide by former precedents” and not “to pronounce a new law, but to maintain and expound the old one.” 1 Blackstone, Commentaries *69. Although I agree with the Court’s decision to render a judgment in this case, I think it would also have been a salutary lesson for the trial judge on remand to apply our precedent to the case before him and to then render a judgment accordingly.