These are appeals by "Automatic" Sprinkler Corporation of America (A.T.O.) and H.K. Ferguson Company from partial summary judgments entered in behalf of B.F. Goodrich Company against both of the appellants, respectively. The appeals are premature and will be dismissed.
B.F. Goodrich filed an action against H.K. Ferguson, A.T.O. and General Electric Company seeking damages on account of breach of contract, negligence, and breach of express and implied warranties, resulting from a spill of a highly toxic environmental contaminant on plaintiff's premises. The trial court, on motion of B.F. Goodrich for partial summary judgments on the issue of liability against H.K. Ferguson and A.T.O., entered the following separate judgments:
[As to defendant H.K. Ferguson]
 "1. There is no genuine issue as to any material fact and the plaintiff is entitled to a summary judgment in its favor against the defendant The H.K. Ferguson Company as a matter of law on the issue of said defendant's liability to plaintiff under Counts Nine and One of the amended Complaint.
 "2. There is no just reason for delay and a final judgment as provided herein is expressly directed to be entered.
 "3. Plaintiff pursuant to Counts Nine and One, separately and severally, of the amended Complaint does hereby recover from the defendant The H.K. Ferguson Company all of the losses, damages and expenses of plaintiff arising out of the pyranol spill which is the subject of the amended Complaint, including, but not limited to, attorneys' fees and costs of this action.
 "4. The plaintiff's recovery under this Order or under any or all orders entered in this action shall in the aggregate be all of the losses, damages and expenses of plaintiff arising out of the pyranol spill which is the subject of the amended Complaint, including, but not limited to, attorneys' fees and costs of this action.
 "5. The monetary amount of plaintiff's recovery shall be determined hereafter in these proceedings."
[As to defendant A.T.O.]
 "1. There is no genuine issue as to any material fact and the plaintiff is entitled to a summary judgment in its favor against the defendants "Automatic" Sprinkler Corporation of America, "Automatic" Sprinkler Corporation of America, a division of American La France Inc., and "Automatic" Sprinkler Corporation *Page 557 
of America, a division of A-T-O Inc., as a matter of law on the issue of said defendants' liability to plaintiff under Count Four of the amended Complaint.
 "2. There is no just reason for delay and a final judgment as provided herein is expressly directed to be entered.
 "3. Plaintiff pursuant to Count Four of the amended complaint does hereby recover from the defendants "Automatic" Sprinkler Corporation of America, "Automatic" Sprinkler Corporation of America, a division of American La France Inc., and "Automatic" Sprinkler Corporation of America, a division of A-T-O Inc., separately and severally, all of the losses, damages and expenses of plaintiff arising out of the pyranol spill which is the subject of the amended complaint, including, but not limited to, attorneys' fees and costs of this action.
 "4. The plaintiff's recovery under paragraph 3 above of this Order or under any or all orders entered in this action shall in the aggregate be all of the losses, damages and expenses of plaintiff arising out of the pyranol spill which is the subject of the amended Complaint, including, but not limited to, attorneys' fees and costs of this action.
 "5. The monetary amount of plaintiff's recovery shall be determined hereafter in these proceedings."
A.T.O. and H.K. Ferguson appeal and urge error in the entry of the judgments on several grounds. We cannot address the issues raised by them because the judgments are not final and will not support an appeal; therefore we lack jurisdiction. No permission to appeal from an interlocutory order has been granted pursuant to Rule 5, ARAP.
It is noted that the judgments contain language derived from Rule 54 (b), ARCP, which states:
 "* * * the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. * * *" (emphasis added)
The provision of Rule 54 (b) contemplates a final judgment as to less than all the parties or less than all claims. Rule 56 (c), ARCP, provides for a judgment, interlocutory in character, adjudicating liability alone, precisely what was entered by the trial court in this case. That the judgments in this case are interlocutory, not final, cannot be questioned. Liberty MutualInsurance Co. v. Wetzel, 424 U.S. 737, 96 S.Ct. 1202,47 L.Ed.2d 435 (1976). That a judgment is not final when the amount of damages has not been fixed by it is unquestionable.Moody v. State ex rel. Payne, 547 So.2d 351 (Ala. 1977). [351 So.2d 547]
Although appellee filed a motion to dismiss the appeals, it was based on the untimeliness of the filing of these appeals. We find the appeals are due to be dismissed but for a different reason: because the judgments are not final. Taylor v. MajorFinance Co., Inc., 289 Ala. 458, 268 So.2d 738 (1972).
APPEALS DISMISSED.
TORBERT, C.J., and BLOODWORTH, JONES and ALMON, JJ., concur.