On September 28, 1977 one Thurston Glaze, a resident of Hueytown, Alabama, executed a chattel mortgage in favor of Mutual Savings Credit Union (hereinafter referred to as Mutual Savings) granting the latter a security interest in a boat, motor, and trailer which he had purchased. Mutual Savings filed a financing statement covering the aforementioned collateral for its loan to Glaze with the office of the probate judge of Jefferson County, Alabama on October 7, 1977. On October 10, 1977 Mr. Glaze signed a promissory note granting appellee, Metro Bank, a security interest in the boat, motor, and trailer in exchange for a $6,900 loan. Appellee perfected its interest by filing a financing statement covering the collateral with the office of the probate judge of Jefferson County on October 13, 1977. By a bill of sale dated February 9, 1978, Mr. Glaze sold the boat, motor, and trailer to appellant, Billy Joe Alldridge, for $5,200. Appellant stated that at the time of this sale he did not know that the boat, motor, and trailer were subject to any security interest held by any creditor. Mr. Alldridge first acquired knowledge of Mutual Savings' security interest in the boat, motor, and trailer when he applied with Mutual Savings for a loan of $3,500 to furnish part of the $5,200 he needed to purchase them from Glaze. Alldridge granted Mutual Savings a new security interest in the boat, motor, and trailer in return for the loan. On February 10, 1978 appellant gave Glaze a check for $5,200. Glaze, in turn, used the proceeds from this check and $1,100 of his own money to pay off Mutual Savings' chattel mortgage on the boat, motor, and trailer. Appellant did not become aware of Metro Bank's security interest in the boat, motor, and trailer until June 1979 when a bank officer telephoned him and informed him that the bank had an enforceable security interest in these items. Appellant refused to return the boat, motor, or trailer to Metro Bank at any time, however, before appellee instituted the present action in the Circuit Court of Jefferson County on June 22, 1979 against Mr. Glaze and him alleging (1) that Glaze had defaulted on the payment of appellee's promissory note and was, therefore, answerable in damages to appellee, (2) that both men had converted the boat, motor, and trailer to their own use and were, as a consequence, liable to appellee for $17,000 in compensatory and punitive damages, and (3) that appellant had wrongfully detained appellee's secured collateral and should, consequently, be required to pay appellee $3,000 in damages for such detention and either to surrender possession of same to appellee or to pay appellee the value thereof.
Appellant generally denied all the material allegations of appellee's complaint and counterclaimed for damages which he allegedly incurred as a proximate result of appellee's "negligence" in loaning money to Mr. Glaze and in "attempting" to acquire a security interest in the boat, motor, and trailer. On January 28, 1980 appellee moved the circuit court to enter a summary judgment in its favor against appellant and Thurston Glaze based upon all of the pleadings previously filed in the action, appellant's deposition, and the sworn affidavit of appellee's vice president. Metro Bank subsequently amended its motion to request the court to enter a summary judgment in its favor on appellant's counterclaim on the following grounds:
 (A) That the Counterclaim of the Defendant, ALLDRIDGE, fails to state a cause of action against the plaintiff, METRO BANK; *Page 316 
 (B) That even assuming that the Counterclaim filed by the Defendant, ALLDRIDGE, could be considered to state a cause of action against the Plaintiff, BANK, it is clear that any such cause of action is barred by the statute of limitations of one year.
 (C) That the Plaintiff has a valid perfected security interest in the personal property in question and could not, under any set of facts, be obligated to the Defendant, ALLDRIDGE, with whom (as is made clear by the deposition of the Defendant, ALLDRIDGE) the Plaintiff BANK has never dealt.
Appellant filed an affidavit in opposition to this motion alleging, in substance, that Mutual Savings had assigned to him all of its rights in its September 28, 1977 security interest on the boat, motor, and trailer, that this security interest was perfected before appellee's security interest in the aforementioned items of personalty was ever perfected, and that, therefore, appellant and not appellee was entitled to possession of the secured collateral.
On March 6, 1980 the circuit court granted appellee's motion for summary judgment against Glaze and appellant awarding appellee the alternate value of the boat, motor, and trailer. The court vacated this judgment on March 11, 1980 substituting therefor a summary judgment in favor of appellee which was substantially identical to that entered in its favor on March 6 with these exceptions: (1) appellee was awarded possession of the boat, motor, and trailer; (2) appellee's claim for damages for appellant's conversion of this personalty and its "claim in detinue praying for damages for the `reasonable value for the hire or use' during the `wrongful detention by the Defendant'[i.e. appellant] of the personal property in question" were set down for a jury trial; (3) appellee was granted a summary judgment in its favor on appellant's counterclaim on the ground that the counterclaim failed to state a cause of action for which relief could be granted. Appellant subsequently filed a "motion for new trial" requesting the circuit court to set aside its March 11, 1980 summary judgment order. This motion was overruled on May 7, 1980. Appellant then appealed to the Alabama Supreme Court from the denial of this motion. That court, on July 18, 1980, dismissed appellant's appeal "on the ground that the order from which the appeal was taken was not a final order." On October 2, 1980 the circuit court entered an order, pursuant to Rule 54 (b) of the Alabama Rules of Civil Procedure (hereinafter referred to as ARCP), that those matters determined in favor of appellee by its summary judgment order of March 11, 1980 should be considered final. That same day appellant filed a notice of appeal to the Alabama Supreme Court from this purported final judgment of the circuit court. That court subsequently transferred this case to this court.
Although not raised as an issue by either party to the appeal, this court considers it necessary to determine, ex mero motu, whether it has jurisdiction to decide the appeal in question. Jim Walter Homes, Inc. v. Holman, Ala.Civ.App.,373 So.2d 869 (1979). We hold that the trial court's October 2, 1980 order is not such a final judgment under ARCP 54 (b) as will support an appeal to this court; accordingly we dismiss the appeal for lack of jurisdiction.
Rule 54 (b) of the ARCP reads, in part, as follows:
 When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.
In Robinson v. Computer Servicenters, Inc., Ala., 360 So.2d 299
(1978), our supreme court, after noting that "[a]n appeal will not lie from an order of judgment which is not final," made the following observation:
 [T]he trial court cannot confer appellate jurisdiction upon this court through directing *Page 317 
entry of judgment under Rule 54 (b) if the judgment is not otherwise "final."
A court order granting a partial summary judgment in favor of the moving party which only establishes the nonmoving party's liability to the movant is an interlocutory judgment, "and where assessment of damages or awarding of other relief remains to be resolved [has] never been considered to be [a] `final' [judgment]." Liberty Mutual Insurance Co. v. Wetzel,424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976). Thus, if the summary judgment awarded Metro Bank by the circuit court on March 11, 1980 established that appellant was liable to appellee for conversion and unlawful detention of its secured collateral but failed to award appellee damages, pursuant to a jury verdict, for such tortious conduct, such a judgment was not then a final judgment and the court's October 2, 1980 order directing an entry of judgment against appellant in accordance with ARCP 54 (b) could not subsequently transform it into a final judgment from which an appeal might be properly prosecuted to this court. "Automatic" Sprinkler Corp. of America v. B.F. GoodrichCo., Ala., 351 So.2d 555 (1977).
The circuit court's March 11, 1980 order granting Metro Bank a partial summary judgment against Mr. Alldridge in effect determined that appellee was entitled to possession of the boat, motor, and trailer and that appellant was liable to appellee for conversion and unlawful detention of this property. The order awarded appellee immediate possession of the personalty but specifically reserved for a jury's determination the amount, if any, of appellee's damages for appellant's conversion and wrongful detention of such property. We discern no error in this action of the circuit court. Seegenerally Ballenger v. Liberty National Life Insurance Co.,266 Ala. 407, 96 So.2d 728 (1957) (claim for conversion is a legal claim; damages to be assessed by jury); § 6-6-256, 1975 Code of Alabama (statutory detinue) ("[u]pon the trial the jury must, if it finds for the plaintiff, assess the value of each article separately, if practicable, and also assess damages for itsdetention") (emphasis ours); ARCP 56 (d). However, to date, no jury has returned a verdict in this cause assessing Metro Bank's damages for Mr. Alldridge's conversion and wrongful detention of its secured collateral. It follows that the March 11, 1980 judgment of the circuit court is not a final judgment the validity of which may be presently determined by this court on this appeal. See Robinson v. Computer Servicenters, Inc.,supra. The court's October 2, 1980 54 (b) order could not change this interlocutory judgment into a final judgment.
The appeal is due to be and hereby is dismissed.
APPEAL DISMISSED.
WRIGHT, P.J., concurs.
HOLMES, J., concurs in the result.