THOMPSON, Presiding Judge.
Bobby D. Lucky appeals from the trial court’s summary judgment in favor of *967 Deutsche Bank National Trust Company, as trustee of Ameriquest Mortgage Securities, Inc., Asset Backed Pass-Through Certificates, Quest Trust Series 2006-X1 under the Pooling & Servicing Agreement Dated as of March 1, 2006, without Recourse. Lucky had executed a mortgage on certain real property in Limestone County (“the property”) in favor of Ameri-quest Mortgage Company, but the mortgage was subsequently transferred and assigned to Deutsche Bank. After Lucky failed to make several payments on the mortgage, Deutsche Bank foreclosed on the property securing the mortgage. Lucky refused to vacate the property, and Deutsche Bank filed an action for ejectment against Lucky. In its complaint, Deutsche Bank also sought money damages resulting from Lucky’s alleged wrongful retention of the property and an order declaring that Lucky had forfeited his right of redemption. Lucky answered and filed a counterclaim.
Deutsche Bank moved for a summary judgment. Lucky did not file any materials in opposition to the motion. The trial court entered a summary judgment in favor of Deutsche Bank and against Lucky on all Deutsche Bank’s claims in its complaint and on Lucky’s counterclaim. The judgment went on to describe the parcel of property from which Lucky was being ejected, and it ordered that Deutsche Bank was to take immediate possession of that parcel. The judgment did not, however, determine money damages owed to Deutsche Bank for Lucky’s wrongful retention of the property, as Deutsche Bank had requested in its complaint.
“ ‘An appeal will ordinarily lie only from a final judgment; that is, a judgment that conclusively determines the issues before the court and ascertains and declares the rights of the parties.’ Palughi v. Dow, 659 So.2d 112, 113 (Ala.1995). For a judgment to be final, it must put an end to the proceedings and leave nothing for further adjudication. Ex parte Wharfhouse Rest. & Oyster Bar, Inc., 796 So.2d 316, 320 (Ala.2001). ‘[WJithout a final judgment, this Court is without jurisdiction to hear an appeal.’ Cates v. Bush, 293 Ala. 535, 537, 307 So.2d 6, 8 (1975).”
Hamilton v. Connally, 959 So.2d 640, 642 (Ala.2006). “That a judgment is not final when the amount of damages has not been fixed by [that judgment] is unquestionable. Moody v. State ex rel. Payne, 351 So.2d 547 (Ala.1977).” “Automatic” Sprinkler Corp. of America v. B.F. Goodrich Co., 351 So.2d 555, 557 (Ala.1977).
Because the amount of damages resulting from Lucky’s wrongful retention of the property has not been determined, the judgment in this case is not final; therefore this court is without jurisdiction to hear Lucky’s appeal. Accordingly, this appeal is due to be dismissed.
APPEAL DISMISSED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.