THOMPSON, Presiding Judge.
In May 2012, Pentagon Federal Credit Union (“Pentagon”) filed in the Jefferson Circuit Court (“the trial court”) a complaint seeking to eject Pamela White Met-calf and “any occupants of [property located at a certain address]” from the property. Pentagon based its ejectment claim on a foreclosure deed that Pentagon asserted it had obtained on September 3, 2010. In its complaint, Pentagon also sought an award of damages for Metcalfs failure to surrender the property. Pentagon’s September 3, 2010, foreclosure deed indicates that Joyce E. White, Metcalfs mother, was the mortgagor on a mortgage issued by Pentagon. According to allegations in Metcalfs answer, White died on September 6, 2008. Although in her answer to Pentagon’s complaint Metcalf alleged that she was the administrator of her mother’s estate, the record contains no evidence or indication that an estate was opened for White, and the trial court specifically found that there was “no probate or administration of the estate of Ms. Joyce E. White.” Metcalf, both in the underlying action and in this appeal, is proceeding in her individual capacity and not in any capacity as a representative of an estate of White. Also, nothing in the record indicates that there is any contractual relationship between Metcalf and Pentagon.
On June 7, 2012, Metcalf, acting pro se, answered the complaint; she asserted that she had made mortgage payments to Pentagon for approximately 18 months while she lived at the property.
Pentagon moved for a summary judgment on September 6, 2012. In support of that motion, Pentagon presented evidence indicating that it had obtained the foreclosure deed on September 3, 2010, and that it had demanded possession of the property from Metcalf. The letter pursuant to which Pentagon demanded possession of the property was addressed to “Estate of Joyce E. White, c/o Pamela White Met-calf’ at the address of the foreclosed property. Pentagon also submitted an order of the trial court in a separate action between Pentagon and Chace A. White that specified that Pentagon was entitled to possession of the property and awarded Pentagon damages to be determined later representing rent and other damage caused by Chace White’s failure to surrender the property to Pentagon. The record on appeal does not reflect the nature, if any, of Chace White’s relationship to Joyce White or Metcalf, and there is no evidence pertaining to any interest Chace White might have had in the property.
Metcalf did not file a response to the summary-judgment motion.[1] On October 3, 2012, the trial court entered an order denying Pentagon’s summary-judgment motion. On October 15, 2012, Pentagon filed a purported “motion to alter, amend, or vacate” that October 3, 2012, order. See SCI Alabama Funeral Servs., Inc. v. Hester, 984 So.2d 1207, 1208 n. 1 (Ala.Civ.App.2007) (“A valid postjudgment motion may only be taken in reference-to a final judgment.”). In support of that motion, Pentagon submitted evidence indicating that, in its 2010 foreclosure action, it had made service of process by publication. After conducting a hearing, the trial court entered an order on November 9, 2012, *259 granting Pentagon’s motion for a summary judgment and awarding it possession of the property.
On December 21, 2012, Metcalf, still proceeding pro se, filed what she called a “motion to appeal” in the trial court. In that “motion to appeal,” Metcalf asked the trial court to reconsider its November 9, 2012, summary-judgment order. Neither the trial-court clerk nor the trial judge considered Metcalfs December 21, 2012, “motion to appeal” to be a notice of appeal to this court. Rather, after conducting a hearing, the trial court entered an order on January 10, 2013, in which it found that Metcalfs December 21, 2012, motion was made pursuant to Rule 60(b), Ala. R. Civ. P.; the trial court denied that motion.
Metcalf, represented by counsel, filed a notice of appeal on February 21, 2013. Our supreme court transferred the appeal to this court pursuant to § 12-2-7, Ala. Code 1975. This court assigned appeal number 2120425 to the appeal.[2]
Initially, we note that the trial court’s November 9, 2012, summary-judgment order did not address Pentagon’s claim for an award of damages for Met-calfs refusal to surrender the property to it. An order that resolves fewer than all the claims of the parties is not a final judgment that will support an appeal. Ex parte Harris, 506 So.2d 1003, 1004 (Ala.Civ.App.1987). Accordingly, the November 9, 2012, summary-judgment order was not a final judgment that would support an appeal.
Although both parties, in their arguments in their briefs submitted to this court, recognize the possibility that the November 9, 2012, summary-judgment order was not a final judgment, neither party addresses the impact of the nonfinality of that order with regard to this court’s jurisdiction over the appeal. However, this court must take notice of jurisdictional issues, and, therefore, we address the implications of the nonfinality of the November 9, 2012, summary-judgment order. Gregory v. Ferguson, 10 So.3d 596, 597 (Ala.Civ. App.2008).
The trial court treated Metcalfs December 21, 2012, “motion to appeal” the November 9, 2012, summary-judgment order as a motion filed pursuant to Rule 60(b), Ala. R. Civ. P. However, a Rule 60(b) motion, because it seeks relief from a final judgment, may be filed only in reference to a final judgment. Rule 60(b), Ala. R. Civ. P.; First Southern Bank v. O’Brien, 931 So.2d 50, 52 (Ala.Civ.App.2005). The November 9, 2012, summary-judgment order was not a final judgment, and, therefore, the December 21, 2012, “motion to appeal” could not properly be treated as a Rule 60(b) motion seeking relief from a final judgment.
Regardless, in her December 21, 2012, “motion to appeal,” Metcalf sought reconsideration of the trial court’s interlocutory November 9, 2012, summary-judgment order. See Ex parte Alfa Mut. Gen. Ins. Co., 684 So.2d 1281, 1282 (Ala.1996) (“The ‘character of a [motion] is determined and interpreted from its essential substance, and not from its descriptive name or title.’ ” (quoting Union Springs Tel. Co. v. Green, 285 Ala. 114, 117, 229 So.2d 503, 505 (1969))). The trial court denied that motion on January 10, 2013; in entering *260 the ruling, however, the trial court again failed to rule on Pentagon’s remaining pending damages claim. Accordingly, the January 10, 2013, order also did not constitute a final judgment that would support Metcalfs appeal to this court.
Upon submission of Metcalfs appeal in this matter to this court, this court remanded the cause to the trial court. On December 26, 2013, the trial court entered an order certifying its orders as final pursuant to Rule 54(b), Ala. R. Civ. P. Thus, the December 26, 2013, Rule 54(b) order constitutes an order that is sufficiently final to support the appeal in this matter. On January 27, 2014, Metcalf filed a timely postjudgment motion, and the trial court entered an order denying that motion on March 28, 2014. Metcalfs appeal is deemed to have been timely filed after the entry of the final order denying the post-judgment motion. See Rule 4(a)(4), Ala. R.App. P.
In the first issue raised in her brief submitted to this court, Metcalf argues that the trial court erred in entering its November 9, 2012, summary-judgment order because that order did not address Pentagon’s claim for monetary damages and because it failed to address what she contends on appeal are counterclaims she asserted.
We conclude that Metcalf is correct that the November 9, 2012, summary-judgment order was not final. However, even if Metcalf could raise that isSue in an appeal, Metcalfs argument that the trial court erred in failing to rule on the remaining pending damages claim is moot given the trial court’s December 26, 2013, Rule 54(b) certification of finality of the November 9, 2012, summary-judgment order.
We also reject Metcalfs argument that she had asserted counterclaims against Pentagon and that the pendency of those unadjudicated counterclaims also rendered the November 9, 2012, summary-judgment order nonfinal. Although, in her answer to Pentagon’s complaint, Metcalf made a number of assertions concerning Pentagon’s conduct toward her, Metcalf made no claims against Pentagon and made no request for relief. Metcalfs answer cannot be said to have provided any notice to Pentagon or the trial court that she was asserting counterclaims against Pentagon.
Metcalf briefly contends that the trial court erred in failing to treat her December 21, 2012, “motion to appeal” as a notice of appeal to this court. As explained above, however, it is clear from the substance of that motion that Metcalf was seeking reconsideration of the November 9, 2012, summary-judgment order. See Ex parte Alfa Mut. Gen. Ins. Co., supra. Also, the record contains no indication that Metcalf argued to the trial court that it had erroneously considered her motion as one seeking reconsideration of the November 9, 2012, ruling.
Even assuming, however, that the trial court should have treated the “motion to appeal” as a notice of appeal, this court would have lacked jurisdiction over the appeal, because it would have been taken from a nonfinal order. Also, Metcalf has failed to argue on appeal how she was prejudiced by the trial court’s failure to treat her “motion to appeal” as a notice of appeal. The appellant bears the burden of demonstrating error on appeal; it is not the function of an appellate court to search the record for error or to create arguments on behalf of the appellant. Franklin v. Woodmere at the Lake, 89 So.3d 144, 150 (Ala.Civ.App.2011).
Metcalf also argues that the trial court erred in entering its summary-judgment order because, she contends, it erroneously allowed Pentagon to submit additional evi *261 dence in support of a motion to reconsider the trial court’s initial, October 3, 2012, denial of Pentagon’s summary-judgment motion. However, we conclude that Pentagon’s purported postjudgment motion filed on October 15, 2012, in reference to the October 8, 2012, ruling actually constituted a renewal of Pentagon’s original summary-judgment motion. See Ex parte Alfa Mut. Gen. Ins. Co., 684 So.2d at 1282 (a motion is interpreted according to its content, not its title).
Metcalf argues in her brief on appeal that she was denied due process because she was not allowed 10 days’ notice before the trial court conducted a hearing on the October 15, 2012, motion. See Rule 56(c)(2), Ala. R. Civ. P. (“The motion for summary judgment, with all supporting materials, including any briefs, shall be served at least ten (10) days before the time fixed for the hearing....”). The record does not support Metcalfs argument. The record on appeal indicates that on October 16, 2012, the trial court scheduled a hearing on Pentagon’s summary-judgment motion for November 5, 2012, which was 21 days after the filing of the motion.[3] Also, the trial court rescheduled the hearing for November 9, 2012, which was 25 days following the filing of the renewed summary-judgment motion.
Metcalf argues in her brief submitted to this court that she was acting pro se and did not realize the hearing was to address a summary-judgment motion but, rather, that she believed the hearing was for a purported postjudgment motion. Metcalf does not contend that she did not receive Pentagon’s October 15, 2012, motion or the evidentiary materials submitted in support of that motion. It is well set-, tied that the “Rules governing the operation of the courts of this state are no more forgiving to a pro se litigant than to one represented by counsel.” Lockett v. A.L. Sandlin Lumber Co., 588 So.2d 889, 890 (Ala.Civ.App.1991); see also Leeth v. Jim Walter Homes, Inc., 789 So.2d 243, 246 (Ala.Civ.App.2000) (same). Accordingly, we cannot say that, by claiming she did not understand the nature of the hearing being conducted, Metcalf has demonstrated that the trial court erred in considering the October 15, 2012, filing as a renewal of the original summary-judgment motion.
Metcalf next asserts that the trial court erred in relying on the mortgage document setting forth the mortgage contract between Pentagon and Joyce White. Metcalf claims that, because the record on appeal does not include a copy of the mortgage document, the mortgage document was never properly before the trial court. However, in its October 3, 2012, order in which it denied Pentagon’s original summary-judgment motion, the trial court specifically stated that, “[a]t the oral argument of the [summary-judgment] motion, [Pentagon] supplemented its evidentiary submissions, without objection being raised by pro se [Metcalf], by producing a copy of the said mortgage at the request of the Court.” Thus, it is clear that the trial court had before it and considered the mortgage document. That document is not included in the record on appeal. The parties have not sought to supplement the record on appeal to include the mortgage document. See J.B. v. Cleburne Cnty. Dep’t of Human Res., 992 So.2d 34, 40-41 (Ala.Civ.App.2008) (It is the burden of the appellant to ensure that the record on appeal contains sufficient evidence for a reversal, and a motion filed pursuant to *262 Rule 10(f), Ala. R. Civ. P., would allow for the correction and supplementation of the record on appeal.). However, the fact that a document is omitted from the record on appeal does not equate to a determination that the document was not properly submitted to and considered by the trial court.
Metcalfs final argument in her appellate brief is that there existed a question of fact that precluded the entry of the summary-judgment order in favor of Pentagon. Specifically, Metcalf contends that a genuine issue of material fact existed with regard to whether the foreclosure sale upon which Pentagon bases its claims was valid.
“ ‘ “[An appellate court’s] review of a summary judgment is de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala.2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 952-53 (Ala.2004). In making such a determination, we must review the evidence in the light most favorable to the nonmovant. Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986). Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce ‘substantial evidence’ as to the existence of a genuine issue of material fact. Bass v. South-Trust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989); Ala.Code 1975, § 12-21-12. ‘[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assur. Co. of Fla., 547 So.2d 870, 871 (Ala.1989).” ’ ”
Gooden v. City of Talladega, 966 So.2d 232, 235 (Ala.2007) (quoting Prince v. Poole, 935 So.2d 431, 442 (Ala.2006), quoting in turn Dow v. Alabama Democratic Party, 897 So.2d 1035, 1038-39 (Ala.2004)).
Metcalf argues that she was not sent the required notice of default and acceleration or notice of the foreclosure sale. We note that Joyce White, Metcalfs mother, was the mortgagor. Metcalf has presented no evidence tending to indicate that she had a contract with Pentagon that would require it to provide her such notice. Metcalf makes no argument concerning under what theory she is asserting rights under the mortgage contract between Joyce White and Pentagon. Regardless, the record demonstrates that Pentagon submitted to the trial court evidence of notice by publication of the foreclosure sale to Joyce White in 2010[4] and evidence indicating that Pentagon sent a letter to Metcalf and any other occupant of the premises in 2010 providing notice of the foreclosure and a demand for possession.
Metcalf also argues that she presented “uncontroverted evidence” indicating that Pentagon breached the mortgage contract and that credit-life-insurance policies purchased by Joyce White were not credited by Pentagon to pay Joyce White’s mortgage. Assuming that Metcalf might have standing to assert this argument, we note that Metcalf did not respond to Pentagon’s summary-judgment motion, and her answer filed in the trial court was not verified. Accordingly, Metcalf presented no evidence in opposition to the summary- *263 judgment motion. The trial court, in its October 3, 2012, order denying Pentagon’s original summary-judgment motion, noted that Metcalf had argued those issues. In its November 9, 2012, summary-judgment order, the trial court found that Metcalf had presented no evidence in opposition to Pentagon’s summary-judgment motion. “Mere conclusory allegations or speculation that fact issues exist will not defeat a properly supported summary judgment motion, and bare argument or conjecture does not satisfy the nonmoving party’s burden to offer facts to defeat the motion.” Crowne Invs., Inc. v. Bryant, 638 So.2d 873, 878 (Ala.1994); see also Hurst v. Alabama Power Co., 675 So.2d 397, 400 (Ala.1996) (same); and Waddell v. Colbert Cnty.-Northwest Alabama Healthcare Auth., 97 So.3d 178, 184 (Ala.Civ.App.2012) (affirming a summary judgment when the nonmovant failed to present any evidence in opposition to the properly supported summary-judgment motion). The record on appeal contains no evidence tending to indicate that Pentagon breached the mortgage contract or failed to pay a credit-life-insurance policy. Accordingly, we cannot say that Metcalf has demonstrated error with regard to this issue.
For the reasons expressed above, we affirm the trial court’s summary-judgment order awarding Pentagon possession of the property.
AFFIRMED.
PITTMAN, THOMAS, and DONALDSON, JJ., concur.
MOORE, J., concurs in the result, without writing.

. Although the trial court, in its October 3, 2012, order, referred to Metcalf’s "opposition” to the summary-judgment motion, the record on appeal contains no written opposition, and the case-action summary contains no indication that Metcalf submitted a written opposition to the summary-judgment motion.

. Thereafter, on May 6, 2013, Metcalf filed a notice of appeal contesting the trial court's failure to treat her December 21, 2012, "motion to appeal” as a notice of appeal to this court. That appeal was also transferred to this court pursuant to § 12-2-7, Ala. Code 1975. This court designated that appeal as appeal number 2120671, and it was consolidated with this appeal. Pentagon moved to dismiss appeal number 2120671, and on July 23, 2013, this court granted that motion.

. That motion states that it was served on Metcalf via electronic service "and/or” by being placed in the mail. Metcalf makes no argument concerning when she received the renewed summary-judgment motion.

. There appears to be no estate for Joyce white.