THOMPSON, Presiding Judge.
Coldwater Holdings, LLC. (“Coldwa-ter”), filed a complaint alleging that it held title to certain real property of which John Robbins (“John”) and Ruby Robbins (“Ruby”) had possession. In its complaint, Coldwater sought a writ of possession, an award of rent for John and Ruby’s use of the property since, the date Coldwater made a demand for possession of the property, an award of damages for any injury to the property, and an award of an attorney fee, John and Ruby answered and denied the allegations of the complaint. John and Ruby later filed an amended answer asserting several equitable defenses, and they filed a counterclaim seeking to reform the deed to the property to indicate that they had a life estate in the property.
In May 2013, Coldwater moved for a summary judgment on its claim that it was entitled to possession of the property. John and Ruby. opposed that summary-judgment motion, and Coldwater moved to strike their response. ■ The trial court awarded John and Ruby additional time to submit evidence in support of their opposition to the partial-summary-judgment motion. In April 2014, the trial court also allowed Coldwater to “supplement” the record with filings from a 1997 bankruptcy proceeding involving John and Ruby.
In late April 2014, John and Ruby moved the trial-court judge to recuse himself. The trial court set that motion to be considered during the hearing on the summary-judgment motion already scheduled for May 22, 2014. During that hearing, the trial-court judge stated that he would deny the motion to recuse, but he did not *1027 enter an order expressly doing so. Regardless, the same trial-court judge has continued to preside over this action. ,
On May 23, 2014, the trial court entered an order in which it granted Coldwater’s partial-summary-judgment motion, determining that Coldwater was entitled to possession of the property and ordering John and Ruby to deliver possession of the property to Coldwater within 30 days. On June 19, 2014, John and Ruby filed several motions, purportedly pursuant to Rule 59(e), Ala. R. Civ. P., in which they raised a number of issues pertaining to the May 23, 2014, order. See Malone v. Gainey, 726 So.2d 725, 725 n. 2 (Ala.Civ.App.1999) (noting that a valid postjudgment motion may be made only in reference to a final judgment). The trial court denied those motions on June 20, 2014. On June 23, 2014, John and Ruby filed a notice of appeal to our supreme court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
In their briefs submitted to this court, the parties have not addressed the issue of the finality of the May 23, 2014, order. However, because jurisdictional issues are' of such importance, this court may take notice of them ex mero motu. Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987); Wilson v. Glasheen, 801 So.2d 848, 849 (Ala.Civ.App.2001).
In this case, Coldwater asserted a claim'to possession of the property, a claim for the-rental value of the property, a claim for damages for any injury to the property, and an attorney-fee claim. John and Ruby asserted a counterclaim seeking reformation of the deed to the property. We note that the pendency of Coldwater’s attorney-fee claim did not affect the finality of the May 23, 2014, order. Wolfe v. JPMorgan Chase Bank, N.A., 142 So.3d 697, 698-99 (Ala.Civ.App.2013). Further, we interpret the trial .court’s ruling on Coldwater’s claim to possession of the property to be an implicit denial of John and Ruby’s claim seeking the reformation of the deed to the property.
However, Coldwater did not move for a summary judgment on its damages claims, and the trial court’s May 23, 2014, order did not address those claims. Accordingly, because it did not address the pending damages claims, the‘trial court’s May 23, 2014, order did not constitute a final judgment that will support this appeal. Lucky v. Deutsche Bank Nat’l Trust Co., 46 So.3d 966, 967 (Ala.Civ.App.2009); Palmer v. SunBank & Trust Co., 689 So.2d 152, 153 (Ala.Civ.App.1996).[1] This court lacks jurisdiction of appeals from nonfinal orders. Wallace v. Belleview Props. Corp., 120 So.3d 485, 501-02 (Ala.2012); and Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 363 (Ala.2004) (“[A] nonfinal judgment will not support an appeal.”). Accordingly, we must" dismiss the appeal as having been taken from a nonfinal order.
APPEAL DISMISSED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. We further note that the trial court- did not seek to certify its May 23, 2014, order as final pursuant to Rule 54(b), Ala. R. Civ. P. See Metcalf v. Pentagon Fed. Credit Union, 155 So.3d 256, 260 (Ala.Civ.App.2014) (holding that an order awarding possession of property to a litigant but not addressing a damages claim was nonfinal but that, because it was certified as final pursuant to Rule 54(b), Ala. R. Civ. P., the order was sufficiently final to provide this court jurisdiction to consider the appeal).