On Application for Rehearing

THOMPSON, Presiding Judge.
Coldwater Holdings, LLC, has filed an application for rehearing asking this *1028 court to reinvest the trial court with jurisdiction to enter an order certifying as final, pursuant to Rule 54(b), Ala. R. Civ. P., the May 23, 2014, partial summary judgment awarding Coldwater possession of the disputed property and then, on return to remand, to address the appeal on the merits. Coldwater cites Metcalf v. Pentagon Federal Credit Union, 155 So.3d 256 (Ala.Civ.App.2014), which this court cited in note 1 of the opinion on original submission. In that case, Pentagon Federal Credit Union asserted two claims: an ejectment claim and a claim seeking damages for any injury to the property committed by Metcalf. The trial court entered a summary judgment on the ejectment claim, and Metcalf appealed. This court remanded the action to the trial court either to determine whether it should enter a final judgment or to determine whether a Rule 54(b) certification would be appropriate. The trial court entered an order certifying the summary-judgment order as final pursuant to Rule 54(b); this court held that the Rule 54(b) certification rendered the order sufficiently final to support the appeal. Metcalf, 155 So.3d at 260. On application for rehearing, Coldwater argues that this court should similarly remand the action to the trial court to enter a Rule 54(b) certification.
However, Rule 54(b) certifications are not favored by appellate courts.
“It bears repeating, here, that ‘ “[certifications under Rule 54(b) should be entered only in exceptional cases and should not be entered routinely.” ’ State v. Lawhorn, 830 So.2d 720, 725 (Ala.2002) (quoting Baker v. Bennett, 644 So.2d 901, 903 (Ala.1994), citing in turn Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373 (Ala.1987)). ‘ “ 'Appellate review in a piecemeal fashion is not favored.’ ” ’ Goldome Credit Corp. [v. Player], 869 So.2d [1146,] 1148 [(Ala.Civ.App.2003)] (quoting Harper Sales Co. v. Brown, Stagner, Richardson, Inc., 742 So.2d 190, 192 (Ala.Civ.App.1999), quoting in turn Brown v. Whitaker Contracting Corp., 681 So.2d 226, 229 (Ala.Civ.App.1996)) (emphasis added).”
Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 363 (Ala.2004). ‘“Rule 54(b) certifications should be granted only in exceptional cases and “should not be entered routinely or as a courtesy or accommodation to counsel,” ’ quoting Page v. Preisser, 585 F.2d 336, 339 (8th Cir.1978).” Waiters v. Autry Greer & Sons, Inc., 784 So.2d 1068, 1070 (Ala.Civ.App.2000).
In this case, the parties asserted a number of claims, and the trial court resolved one of those claims. In the opinion on original submission, this court concluded that the trial court had implicitly denied the Robbinses’ counterclaim and noted that an appellate court could still exercise jurisdiction in spite of the pendency of Coldwater’s attorney-fee claim. 184 So.3d at 1027. However, in addition to the pending attorney-fee claim, two damages claims also remain pending in the trial court. Id.
Coldwater also argues that continued litigation, or having the trial court reconsider whether to enter a Rule 54(b) certification, will waste resources in that court. However, Coldwater fails to recognize that, even if this court were to do as it asks and consider on appeal only one of the five claims asserted by the parties, its remaining claims for damages and for an attorney fee would still be pending in the trial court and subject to further litigation. Thus, with regard to the resources of the trial court, there is no discernible difference between the piecemeal litigation for which Coldwater argues and this court’s dismissal, allowing for the resolution of all the remaining pending claims; either option *1029 requires further action by or proceedings in the trial court.[1]
Coldwater also argues that the prospect of continuing litigation would be costly to the parties. However, the parties have been represented by counsel well able to determine whether jurisdictional prerequisites, such as the entry of a final judgment, have been met. Further, the parties had the opportunity to address all of their claims during the hearing before the trial court; their failure to do so appears to have been a litigation choice. However, an appellate court is not a testing ground by which parties may seek the resolution of one issue between them and then determine whether to expend the effort to prosecute the remainder of the claims asserted against each other. Judicial economy is not served by allowing parties to litigate .one claim in the trial court, obtain appellate review with regard to only that claim, and then litigate their remaining claims based on the appellate court’s decision on only a portion of the litigation. Such piecemeal review should occur in exceptional cases, see Dzwonkowski v. Sonitrol of Mobile, Inc., supra, and we cannot say that Coldwater has demonstrated that the facts or posture of this case warrant such piecemeal review by this court.
APPLICATION OVERRULED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. We note that Coldwater asserts in its rehearing brief that the order from which the Robbinses appealed "has been certified as final by the trial court” and that "Coldwater has dismissed with prejudice” its damages claims. There is no indication in the record before this court whether or if that has happened, or at what point the trial court might have had jurisdiction to enter such a ruling, See Veteto v. Yocum, 792 So.2d 1117, 1119 (Ala.Civ.App.2001) (“The trial court had no jurisdiction to enter any order or judgment until after this court issued its certificate of judgment.... ”).