Rel: August 30, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2024

_____

### SC-2023-0419

_____

### James R. Davis

### v.

### American Pride Properties, LLC

_____

### SC-2024-0020

_____

### William M. Pickard

### v.

**American Pride Properties, LLC**

**Appeals from Jefferson Circuit Court**
**(CV-21-903550)**

PARKER, Chief Justice.[1]

American Pride Properties, LLC ("APP"), filed suit in the Jefferson Circuit Court against codefendants James R. Davis and William M. Pickard, asserting a claim for ejectment and a demand for damages for the loss of use of real property owned by APP. Davis and Pickard each filed counterclaims. After a bench trial, the trial court entered a judgment for APP on its claim for ejectment and certified it as final under Rule 54(b), Ala. R. Civ. P., but the court retained jurisdiction over the demand for damages. Davis and Pickard each appealed, and we consolidated the two appeals. Because APP's demand for damages in its claim for ejectment is still pending in the trial court, the Rule 54(b) certification was improper. Therefore, we dismiss the appeals.

## I. Facts

---

[1]This case was originally assigned to another Justice. It was reassigned to Chief Justice Parker on May 15, 2024.

In March 2021, Pickard contacted APP and expressed interest in buying a parcel of residential real property from APP, which APP had obtained after the property had been sold at a tax sale. APP was pursuing a quiet-title action at the time and soon would be judicially declared the undisputed owner of the property. APP and Pickard engaged in extensive negotiations, during which they agreed that Pickard would be allowed to have possession of the property before closing so he could complete some renovations he hoped would bring up the appraisal value of the property. APP and Pickard eventually arrived at a purchase agreement whereby Pickard would take title to the property as soon as (1) APP cleared its title to it and (2) Pickard was able to obtain financing. Pursuant to that agreement, Pickard took possession of the property in April 2021 and began renovations.

On April 21, 2021, Pickard attempted to assign his rights under his purchase agreement with APP to Davis. Pickard and Davis had apparently had an agreement whereby Davis would acquire the property either by buying it directly from APP and paying Pickard a finder's fee or by purchasing it as renovated by Pickard at a higher price. APP alleged that that agreement led to confusion on its part as to whether it was

selling the property to Pickard or Davis but that that confusion did not contribute to the failure to close on the sale of the property. Regardless, the trial court ultimately ruled that the assignment was ineffective.

APP obtained a favorable judgment in its quiet-title action in May 2021. Pickard admits that he never did obtain financing to purchase the property. After APP cleared its title, Pickard and Davis needed more time to complete renovations. The parties executed an addendum to the purchase agreement in July 2021, setting a closing date of July 23, 2021. The closing did not occur on that date. On July 27, the parties executed yet another addendum, wherein they agreed to raise the purchase price by $5,000 in consideration of the delay in closing. That addendum bears a handwritten notation stating: "Closing has been extended to July 30, 2021, but will not be extended past that date." The handwritten notation is initialed by APP's agent, but not by either Pickard or Davis. Closing did not occur on July 30. APP considered the purchase agreement canceled at that time, and it notified Pickard of this. APP recorded its deed in August 2021.

APP filed suit in December 2021 for ejectment and for compensation for the loss of use of the property. APP's complaint alleged

4

claims for (1) declaratory relief and (2) ejectment. The claim for ejectment requested as relief both possession of the property and damages for the wrongful detention thereof. APP's claim for ejectment requested, in relevant part:

> "WHEREFORE, plaintiff APP demands judgment against defendants for possession of the real property together with the value for the use and detention thereof as sought herein, by entering an order of judgment which
>
> "(a) grants plaintiff APP exclusive and peaceable possession of the Property;
>
> "(b) ejects from the Property anyone who currently occupies the Property in defiance of APP's interest;
>
> "(c) <u>awards plaintiff APP damages for the use and detention of the Property, including recovery of rents and/or mesne profits plus damages for any waste or other injury to the Property during the defendants' unlawful detention</u>; and
>
> "(d) grants plaintiff APP any such other relief, equitable or otherwise, to which it may be entitled."

(Capitalization in original; emphasis added.) Pickard and Davis each filed counterclaims.

The trial court held a bench trial in April 2023, and it entered a judgment finding in favor of APP on all the claims, dismissing the counterclaims with prejudice, and awarding APP possession of the property. The trial court retained jurisdiction over APP's demand for

damages for the use and detention of the property, but it certified its judgment as final under Rule 54(b), Ala. R. Civ. P. Davis and Pickard appealed.

## II. Standard of Review

Before we can reach the merits, we must first address this Court's jurisdiction over these appeals. Although none of the parties has questioned this Court's jurisdiction over these appeals, we are bound to address this question ex mero motu, if necessary. See, e.g., Rogers v. Cedar Bluff Volunteer Fire Dep't, 387 So. 3d 131, 135 (Ala. 2023). If the Rule 54(b) certification was improper, then we lack jurisdiction over these appeals.

When reviewing a Rule 54(b) certification, we must determine if the trial court exceeded its discretion in making the certification. See Alabama Ins. Underwriting Ass'n v. Skinner, 352 So. 3d 688, 690 (Ala. 2021).

## III. Analysis

Although trial courts have discretion to make Rule 54(b) certifications, Skinner, 352 So. 3d at 690, such certifications ought to be reserved for "'exceptional cases'" because of this Court's stated "'policy

6

disfavoring appellate review in a piecemeal fashion.'" Id. (citations omitted). In this case, the trial court granted APP's claim for ejectment and awarded APP possession of the property, but it left undecided the amount of damages requested by APP as part of the same claim.

A legal "claim" is defined in relevant part as "[a] demand for money, property, or a legal remedy to which one asserts a right; esp., the part of a complaint in a civil action specifying what relief the plaintiff asks for. – also termed claim for relief." Black's Law Dictionary 311 (11th ed. 2019). APP's complaint asserted two claims: (1) a claim for declaratory relief and (2) a claim for ejectment. The claim for declaratory relief is not at issue on appeal. APP's claim for ejectment requested as relief both possession of the property and damages for the wrongful detention thereof. APP's claim for ejectment requested, in subsection (c), a judgment that "awards plaintiff APP damages for the use and detention of the Property, including recovery of rents and/or mesne profits plus damages for any waste or other injury to the Property during the defendants' unlawful detention." It is this demand, seeking "damages for the use and detention of the Property," that remains pending in the trial court below.

7

This Court has held that "it is well-established that a claim for which damages are sought is insufficiently adjudicated for Rule 54(b) purposes until the element of damages is resolved." Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So. 2d 354, 362 (Ala. 2004). "'That a judgment is not final when the amount of damages has not been fixed by it is unquestionable.'" Tanner v. Alabama Power Co., 617 So. 2d 656, 657 (Ala. 1993) (quoting "Automatic" Sprinkler Corp. of America v. B.F. Goodrich Co., 351 So. 2d 555, 557 (Ala. 1977)). This is because Rule 54(b) contemplates a final judgment as to "one or more but fewer than all of the claims or parties." (Emphasis added.) See, e.g., 2 Gregory C. Cook, Alabama Rules of Civil Procedure Annotated 169 (5th ed. 2018). It does not contemplate a final judgment as to only part of one claim, such as a judgment as to liability alone, with the amount of damages still left to be determined. "Automatic" Sprinkler Corp., 351 So. 2d at 557. "[T]he trial court cannot confer appellate jurisdiction upon this court through directing entry of judgment under Rule 54(b) if the judgment is not otherwise 'final.'" Robinson v. Computer Servicenters, Inc., 360 So. 2d 299, 302 (Ala. 1978).

Because the demand for damages is still pending before the trial court in this case, the court's judgment on APP's ejectment claim was not a "final" judgment as contemplated by Rule 54(b). "Automatic" Sprinkler Corp., 351 So. 2d at 557. The trial court therefore exceeded its discretion in certifying its judgment as final under Rule 54(b). Dzwonkowski, 892 So. 2d at 363. Because the judgment is nonfinal, this Court lacks jurisdiction to hear these appeals. Tanner, 617 So. 2d at 657. We must therefore dismiss the appeals as premature.

SC-2023-0419 -- APPEAL DISMISSED.

SC-2024-0020 -- APPEAL DISMISSED.

Shaw, Wise, Mendheim, Stewart, Mitchell, and Cook, JJ., concur.

Bryan, J., concurs in the result.

Sellers, J., dissents, with opinion.

SELLERS, Justice (dissenting).

I respectfully dissent from the Court's decision to dismiss the appeals as arising from a nonfinal judgment. The main opinion holds that the trial court could not "split" the demand of American Pride Properties, LLC, for possession of the property in question from its demand for damages resulting from the loss of use of that property and, therefore, could not make the award of possession final for purposes of appeal under Rule 54(b), Ala. R. Civ. P. I acknowledge that our Court of Civil Appeals has extended to an ejectment claim the principle against splitting a single "claim" for purposes of Rule 54(b). Jackson v. Davis, 153 So. 3d 820, 824-25 (Ala. Civ. App. 2014); Robbins v. Coldwater Holdings, LLC, 184 So. 3d 1025 (Ala. Civ. App. 2015). But, in at least one other case, the Court of Civil Appeals approved of the application of Rule 54(b) in the same circumstances. See Metcalf v. Pentagon Fed. Credit Union, 155 So. 3d 256, 260 (Ala. Civ. App. 2014) (holding that an order awarding possession of property to a litigant but not addressing a demand for damages was nonfinal but that, because it was certified as final pursuant to Rule 54(b), Ala. R. Civ. P., the order was appealable). It does not appear that our Court has held that a judgment on a demand

for possession of real property cannot be made final under Rule 54(b) if there is also an unresolved demand for loss-of-use damages. Neither side in this dispute has even raised the issue, much less attempted to show that the trial court's application of Rule 54(b) was improper on the basis that the demand for possession and the demand for loss-of-use damages constitute one "claim" that cannot be "split."

I believe that the propriety of the ruling that James R. Davis and William M. Pickard ("the defendants") should be ejected from the property should be reviewed now. The defendants moved into a house for which they had, at most, a contract to purchase; they had no actual color of title. This case is unlike most ejectment actions, where there typically is a dispute regarding a deed, a mortgage, or a lease. Rarely is there a case in which prospective buyers with a contract to purchase a house move into the house before closing and, when the closing falls through, refuse to leave.

This Court's role does not include a duty to perform a party's research, Mottershaw v. Ledbetter, 148 So. 3d 45, 54 (Ala. 2013), but, in this case, that is what the Court has done, because the majority opinion is based on reasoning that the parties do not assert. Although we are the

11

arbiters of our own jurisdiction, in this case, in determining whether we have jurisdiction, the Court has conducted research and has reached a conclusion that, in my opinion, is not clearly established by precedent.

Moreover, the ultimate result in this case would be the same whether we accept the appeals or dismiss them. Were we to affirm the trial court's judgment on the issue of who has a right to possess the property, which I would do, that issue would be finally resolved, and the matter would return to the trial court for a determination on the demand for damages. Resolving the right-of-possession issue first is a sensible way to manage this case, as it furthers principles of judicial economy. Because I disagree with the use of the extra time, energy, and effort the Court expends in sua sponte dismissing these appeals based on what I view is unsettled reasoning that the parties themselves do not advance, I respectfully dissent.