THOMAS, Judge.
Tracy Bernard Holt was arrested and chargfed with unlawful possession or receipt of controlled substances, possession of drug paraphernalia, and four counts of unlawful distribution of controlled substances. On April 19, 2011, Brian C.T. Jones, the District Attorney for the 39th Judicial Circuit, on behalf of the State, filed a complaint in the Limestone Circuit Court seeking the civil forfeiture of Holt’s house, two parcels of property, three vehicles, three motorized scooters, and $201,647 in cash (“the named property”), alleging that" Holt had used the named property to facilitate the sale of crack cocaine. Because Holt faced criminal charges, he filed a motion seeking a protective order in the forfeiture action, which the circuit court granted on August 29, 2011.
After many continuances, Holt, who was represented by an attorney, entered into an agreement, in which he forfeited the named property “in open court on December 2, 2013.” The circuit court entered a consent judgment incorporating the terms of the agreement on December 5, 2013. On January 6, 2014, Holt filed a post-judgment motion seeking an order sétting aside 'the consent judgment.[1] The circuit *453 court entered an order purporting to deny Holt’s postjudgment motion on April 22, 2014. On May 28, 2014, Holt filed a notice of appeal seeking this court’s review of whether the circuit court had erred by denying his postjudgment motion. We transferred the appeal to the Alabama Supreme Court for lack of subject-matter jurisdiction. Our supreme court transferred the appeal back to this court pursuant to § 12-2-7(6), Ala.Code 1975.
The circuit court did not rule upon Holt’s postjudgment motion within 90 days from January 6, 2014, see Rule 59.1, Ala. R. Civ. P.; therefore, Holt’s postjudgment motion was denied by operation of law on April 7, 2014.[2] Accordingly, the circuit court’s April 22, 2014, order was a nullity. See Brown v. Brown, 808 So.2d 40, 42 (Ala.Civ.App.2001) (explaining that a trial court was deprived of jurisdiction to enter an order on a postjudgment motion after the motion had been denied by operation óf law).
In order to properly invoke the appellate jurisdiction of this court, Holt was required to file his notice of appeal within 42 days of April 7, 2014. See Rule 4(a)(1) and (3), Ala. R.App. P.; Newman v. Newman, 773 So.2d 481, 483 (Ala.Civ.App.1999). Forty-two days from April 7, 2014, was May 19, 2014. Holt filed his notice of appeal on May 28, 2014, which is after the expiration of the period for the timely filing of a notice of appeal in this case. “The timely filing of [a] notice of appeal is a jurisdictional act.” Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App.1985). Because Holt’s notice of appeal was untimely, it did not invoke the jurisdiction of this court, and, therefore, this appeal must be dismissed. See Rule 2(a)(1), Ala. R.App. P.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. The 30th day after the judgment was entered was Saturday, January 4, 2014. There *453 fore, Holt had until Monday, January 6, 2014, to file a postjudgment motion. See Rule 59(b), Ala. R. Civ. P., and Rule 6, Ala. R. Civ. P.

. The 90th day after Holt filed his post-judgment motion was Sunday, April 6, 2014. Therefore, Holt's postjudgipent motion was denied by operation on law on Monday, April 7, 2014. See Rule 6; Ala. R. Civ. P. See also Williamson v. Fourth Ave. Supermarket, Inc., 12 So.3d 1200, 1203-04 (Ala.2009).