On Application for Rehearing

THOMPSON, Presiding Judge.
The opinion of June 17, 2016, is withdrawn, and the following is substituted therefor.
Donald P. Williams appeals from a summary judgment entered by the Lauderdale Circuit Court (“the trial court") in favor of the Limestone County Water and Sewer Authority (“LCWSA”), Danny McCafferty, and the other remaining defendants named in Williams’s complaint. The gravamen of Williams’s complaint was, that LCWSA and McCafferty had worked together to “steal” water from Williams for McCafferty’s benefit. .
The evidentiary submissions of the parties in support of and in opposition to LCWSA’s motion for a dismissal or, in the alternative, for a summary judgment indicate the following. McCafferty owns property in Rogersville across the street from Williams’s lake house.[1] Williams purchased the lake house and surrounding property from McCafferty in 1995. The water meter that served both McCafferty’s property and Williams’s property was on the property McCafferty had retained. LCWSA records indicate that on June- 19, 1995, McCafferty’s service provided through that meter was disconnected. On October 23, 1995, Williams completed an application requesting water service from LCWSA, and service was begun in late 1995.
On April 19, 2002, Williams inquired about moving, the water meter that served his property from McCafferty’s property across the street to Williams’s property. According to the affidavit of Tammy Smith, the customer-service manager for LCWSA, Williams was given a quote for the cost of parts and labor to move the *243 meter. Smith, who has worked for LCWSA since May 1994, said that on April 29, 2002, a service representative went to Williams’s house to see whether Williams wanted to move the water meter to his side of the road. After receiving the price quote, however, Williams did not pursue the matter.
Smith testified in her affidavit that, in late February or early March 2008, Williams’s service was disconnected because he had not paid his water bill. Smith stated that, in reviewing Williams’s water usage from late 1995, when Williams’s service began, until it was disconnected in 2008, “the usage was relatively constant indicating that the meter, even though on the opposite side of the road, was serving only Mr. Williams’s residence.”
On December 16, 2009, Williams, acting pro se, filed a civil action in the trial court against LCWSA and McCafferty (“the 2009 action”). The allegations in the complaint in the 2009 action are not dear, but Williams complained about the water meter that served his house being located across the street from his house. He alleged that he had learned from members of an LCWSA work crew that McCafferty was “stealing” his water and that Williams was being billed for it. Williams also appeared to complain that LCWSA had done work on water lines that caused his plumbing to rupture. On February 17, 2011, the trial court dismissed the 2009 action for lack of prosecution.
Byron F. Cook, the general manager of LCWSA, testified by affidavit that he spoke to Williams in late 2010 when Williams came to the office of LCWSA to complain about the location of the'water meter and his service. In his' affidavit, Cook stated that, in an effort to resolve Williams’s complaints, he and another LCWSA employee visited Williams’s property to inspect the meter. Cook said that on January 27, 2011, LCWSA installed a new meter on Williams’s property and connected that meter to Williams’s water line at no charge to Williams.
On March 10, 2011,. Williams sent the trial court a letter in which he' sought to have the 2009 action reinstated.[2] The trial court treated the letter as ■ a motion to reinstate. Williams attempted to file an amended complaint in the 2009 action on March 15, 2011, in which he again asserted that he was being billed for water that McCafferty was using. The trial court denied Williams’s request to reinstate the 2009 action on April 1,2011.
Records indicate that the readings from the meter that served Williams’s property had remained the same from March 4, 2008, to and including September 8, 2015, the date of Smith’s affidavit. In her affidavit, Smith stated that a review of the readings on the meter installed in January 2011 have been relatively consistent and did not demonstrate any evidence of excessive usage. Smith said that the meter readings indicated to her that only Williams was using the water for which he was being billed. Cook echoed Smith’s testimony, saying that there was no evidence that Williams had ever been billed for anyone else’s use of water. He 'also said that LCWSA had “no knowledge of anyone else being tied into Mr. Williams’s water lines on his side of the water meter.”
On March 13, 2015, Williams, appearing pro se, initiated another civil action (“the 2015 action”) against LCWSA, “McCafferty/A-1 Title Loan et al/Oakfair Subdivision Association,” Helen Tatum, NuSouth Con *244 crete of Pulaski, Tennessee, Rackley Security of Pulaski, Tennessee, and “Others AZ.” In the style of the complaint in the 2015 action, Williams instructs the reader to see the complaint filed in the 2009 action. In the 2015 complaint, Williams again alleged that McCafferty was “stealing” his water. He also alleged that, in 2013, the named defendants had conspired to steal his water, to destroy his boat dock, and to commit assault with weapons and had threatened to file criminal charges against him for disconnecting his water supply from the Oakfair subdivision “nonresidential chop shop.” As he did in the 2009 action, Williams also complained about “ruptured plumbing.” We note that it is difficult to discern the wrongful conduct alleged in the 2015 complaint or the specific legal claims Williams asserted. For example, the complaint contains a claim against several of the defendants for “taxation without representation.”
On April 20, 2015, McCafferty filed a motion to dismiss and for a more definite statement. On April 22, 2015, LCWSA also filed a motion to dismiss on the ground that the claims Williams alleged against it had arisen from the same facts as those asserted in the 2009 action, which had been dismissed, and that the claims were barred by the applicable statutes of limitations. A hearing was scheduled for arguments on the motion, and the trial court gave Williams time to obtain an attorney. Williams hired an attorney, and that attorney was given time to become familiar with the case file. Once Williams’s attorney became involved, at Williams’s request, Tatum was dismissed as a defendant.
After hiring an attorney, Williams also filed an “amended and restated complaint” in which he continued to assert that LCWSA had deliberately withheld from him that he was paying for water provided to McCafferty and A-l Title Loan. Williams also alleged that LCWSA had “innocently, negligently, wantonly, or intentionally made misrepresentations of material fact” by billing him for water that McCafferty and A-l Title Loan were using. In the amended complaint, Williams asserted that he was not aware that, from 2011 through 2014, he was being billed for water McCafferty was using. Williams stated that an LCWSA employee had told him in July 2014 that he was paying for MeCafferty’s water usage. Williams further alleged that LCWSA, McCafferty, and A-l Title Loan acted intentionally, maliciously, oppressively, and wantonly by conspiring to conceal from him or suppress that he was receiving monthly bills for water being furnished to McCafferty and to A-l Title Loan.
Williams also asserted claims of conversion and trespass against LCWSA, alleging that it had' unlawfully diverted water from his property and provided it to McCafferty and A-l Title Loan. In a second amended complaint, filed September 3, 2015, Williams added that he was seeking damages from McCafferty for conversion because, Williams said, McCafferty had knowledge that water was being diverted from Williams’s property to his property and McCafferty had used that water without payment. In addition to the conversion count, Williams also asserted a civil claim for theft of property against LCWSA and McCafferty. Williams asserted that their conduct resulted in the diversion or unauthorized use of water, which, Williams said, is a Class C felony offense under § 13A-8-23, Ala. Code 1975.
Williams also continued to complain that water lines installed by LCWSA were bursting, causing damage to his house. In the amended complaint, Williams alleged that defendants NuSouth and Rackley had trespassed on his property and removed a sea wall and a boat launch. Williams also *245 alleged claims of conversion against Nu-South and Rackley.
After the amended complaint was filed, LCWSA renewed its motion to dismiss and, in the alternative, sought a summary judgment. LCWSA attached exhibits to its motion. Williams responded to the motion and included his own exhibits to the response. McCafferty also filed a motion to dismiss the amended complaint; however, that motion was filed before Williams’s second amended complaint alleged a claim of conversion against McCafferty. The record does not contain motions to dismiss or for a summary judgment from NuSouth, Rackley, or A-l Title Loan.[3]
On October 30, 2015, after a hearing on the matter, the trial court entered a judgment in which it stated that, based on LCWSA’s renewed motion for a dismissal or, in the alternative, for a summary judgment, which contained a narrative summary of undisputed facts and an evidentia-ry submission, it had converted LCWSA’s motion to one seeking a summary judgment.
In the judgment, the trial court set forth what it called the history of the case, including the allegations Williams had made in his 2009 complaint regarding McCafferty’s “stealing water” and LCWSA’s billing Williams for it and LCWSA’s performing work that led to ruptures in Williams’s pipes and plumbing.
The trial court denied Williams’s motion to strike Smith’s affidavit. The trial court also denied LCWSA’s motion to strike Williams’s affidavit in its entirety, although it did strike two paragraphs of that affidavit on the ground that Williams had “attempted] to create a question of fact based on inadmissible hearsay.” The trial court wrote:
“In these paragraphs, Williams contends he ‘discovered,’ alleged from statements made by unnamed LCWSA employees, theft of water and him ‘paying for Mr. McCafferty’s water’ only ‘in July 2014.’ Obviously, although hearsay, this contention is in conflict with, and directly contradicts, averments in [Williams’s] previous complaints and in his letter to this Court set forth above.”
The trial court then found that Williams’s claims were barred by the applicable statutes of limitations. The trial court stated that Williams has been making essentially the same claims since 2009. The judgment reads:
“[H]ad [Williams] properly pursued and prosecuted his 2009 Complaint, it is possible, although the record suggests highly improbable, that a claim or cause of action may have been fashioned which *246 would have survived the statute of limitations. Despite the Court’s patience and tolerance, however, [Williams] failed and refused to properly prosecute the 2009 action, in which he avers nearly identical facts supporting his various and sundry claims.
“Likewise, to the extent [Williams] makes in his most recent Complaint claims for legal fraud, he cannot circumvent application of the statute of limitations by claiming that he could not have discovered the alleged water ‘diversion’ or ‘conversion’ until 2014. As the pleadings in this case and' [the 2009 action] confirm, [Williams] has repeatedly averred in previously filed Complaints, and represented to this Court, that he knew of the alleged diversion or conversion of water to' McCafferty and by McCafferty and LCWSA, even after the water meter was moved to his side of the road. Williams cannot successfully invoke the ‘savings clause’ extending the statute of limitations for legal fraud claims two years from a party’s ‘reasonable discovery’ of the fraud, by now making allegations that directly contradict allegations he made in at least two previously filed Complaints. Not only can Williams not successfully invoke the savings clause as to his fraud claims, he cannot create a genuine issue of material fact by he, himself, suddenly trying to dispute facts he previously averred.in Complaints and in a letter to the Court. The Court deems the previous factual averments and the representations to the Court in the letter (which was* treated as a Motion to Reinstate) to be admissions by Williams which cannot now be disavowed in order to invoke the fraud ‘savings clause.’ ”
The trial court concluded that there were no genuine issues of material fact and that a summary judgment was “to be entered as a matter of law in favor of LCWSA and'all remaining named Defendants in this action.” Williams filed a timely notice of appeal to our supreme court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala.. Code 1975.
An appellate court reviews a summary judgment' pursuant' to the following standard:
“[An appellate c]ourt’s review of a summary judgment is de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala.2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 952-53 (Ala.2004). In making such a determination, we must review the evidence in the light most favorable to the nonmovant. Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986). Once the movant makes a prima facie - showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce ‘substantial evidence’ as to-the existence of a genuine'issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989); Ala. Code 1975, § 12-21-12.”
Dow v. Alabama Democratic Party, 897 So.2d 1035, 1038-39 (Ala.2004).
In his appellate brief, Williams first contends that the trial court erred in entering a summary judgment in favor of LCWSA as to Williams’s claims of conversion and trespass. In .support of his argument, Williams sets forth the Code sections providing a six-year limitations period for conversion, § 6-2-34(3), Ala. Code 1975, and a six-year limitations period for trespass, *247 § 6-2-34(2), Ala. Code 1975. He argues that, as stated in his first amended complaint and in the affidavit he submitted in opposition to LCWSA’s motion for a dismissal or a summary judgment, his claims of conversion and trespass are based on wrongs he alleges LCWSA committed between January 2011 through July 2014. Williams filed his complaints in this action in 2015. Therefore, he contends, the claims of conversion and trespass cannot be time-barred, and, he asserts, the trial court erred in entering the summary judgment in favor of LCWSA as to those claims.
Similarly, Williams argues that the trial court erred in entering the summary judgment in favor of LCWSA as to his claims of fraudulent misrepresentation and concealment on the ground that they, too, are barred by the applicable statutes of limitations. In its judgment, the trial court explained that, as to the fraud claim, Williams could not “circumvent” the applicable two-year statute of .limitations by alleging that he had not discovered the alleged water ‘“diversion”’ or “‘conversion’” until 2014. The trial court found that, based on his previous complaints and representations to the court, Williams had known of alleged diversion or conversion of water even., after the water meter was moved to his side of the road' in 2011. However, in his affidavit, Williams testified that he believed that the installation of the water meter at his house in 2011 “ended [his] problem of paying for Mr. McCafferty’s water until I ’discovered differently in July 2014.”
On its face, Williams’s contention that the claims of conversion and trespass are not time-barred appears to have some merit. His argument as to the claims of fraudulent misrepresentation and concealment is not as clear. However, because we conclude that the summary judgment is due to be affirmed as to those claims on a separate ground, we need not reach the merits of this issue. “‘[W]e can affirm a summary judgment on any valid legal ground presented by the record, whether that ground was considered by, or even if it was rejected by, the trial court, unless due-process constraints require otherwise.’ Wheeler v. George, 39 So.3d 1061, 1083 (Ala.2009).” Kruse v. Vanderbilt Minerals, LLC, 189 So.3d 42, 56 (Ala.2015).
In its evidentiary submission to the trial court in support of its motion for a dismissal or a summary judgment, LCWSA included records tending to show that Williams’s water usage was consistent from late 1995, when his service began, until it was disconnected in 2008. That usage was registered on the meter on McCafferty’s property. Records indicated that, after Williams’s service was disconnected, no water usage was detected by that meter. Smith also stated that, after the new meter was installed on Williams’s property in 2011, the meter once again showed relatively consistent usage and showed • no evidence of excessive usage. She testified that the meter readings indicated to her that Williams was being billed only for' water he was' using. Cook, LCWSA’s manager, also testified in his affidavit that there .was no evidence. indicating that Williams had been billed for .anyone else’s water usage and that LCWSA had no knowledge that anyone else was tied into Williams’s water line.
The only evidence Williams presented tending to rebut the testimony of Smith and Cook was a statement in his affidavit that an LCWSA employee had told him that the water to McCafferty’s “building across the road” was diverted through Williams’s meter. However, in its judgment, the trial court struck that statement as being inadmissible hearsay. On appeal, Williams does not challenge the propriety of the trial court’s decision to strike por *248 tions of his affidavit. Thus, any arguments Williams could have made as to that issue are deemed waived. Edosomwan v. A.B.C. Daycare & Kindergarten, Inc., 32 So.3d 591, 593 (Ala.Civ.App.2009) (citing Tucker v. Cullman-Jefferson Counties Gas Dist., 864 So.2d 317, 319 (Ala.2003)) (stating that issues not raised and argued in brief are waived and affirming a summary judgment insofar as it related to claims about which the appellant had failed to raise an argument on appeal).
That the first meter through which Williams’s water usage was recorded did not indicate any usage of water at all after Williams’s service was disconnected indicates that no one other than Williams was using water tied to that meter. When Williams began service anew in 2011, Smith said, the water usage again remained constant, and the usage appears to have been consistent with the usage of water recorded by the first meter. Other than Williams’s speculation and conjecture, there is no evidence in the record from which one could reasonably determine that anyone other than Williams was using the water for which he was being billed.
“ ‘Mere conclusory allegations or speculation that fact issues exist will not defeat a properly supported summary judgment motion, and bare argument or conjecture does not satisfy the nonmov-ing party’s burden to offer facts to defeat the motion.’ Crowne Invs., Inc. v. Bryant, 638 So.2d 873, 878 (Ala.1994); see also Hurst v. Alabama Power Co., 675 So.2d 397, 400 (Ala.1996) (same); and Waddell v. Colbert Cnty.-Northwest Alabama Healthcare Auth., 97 So.3d 178, 184 (Ala.Civ.App.2012) (affirming a summary judgment when the nonmovant failed to present any evidence in opposition to the properly supported summary-judgment motion).”
Metcalf v. Pentagon Fed. Credit Union, 155 So.3d 256, 263 (Ala.Civ.App.2014).
Because in his opposition to the motion for a dismissal or a summary judgment Williams failed to submit substantial evidence tending to indicate that water was improperly diverted from him or that he was billed or paid for any water usage other than his own, his claims based on such alleged conduct cannot be sustained. Moreover, in his brief on appeal, Williams has made no argument or contention that a genuine issue of material fact exists as to his claims of conversion, trespass, fraud, or concealment against LCWSA. Any arguments Williams could have made regarding the existence of genuine issues of material fact as to those claims are waived. See Edosomwan v. A.B.C. Daycare & Kindergarten, Inc., 32 So.3d at 593.
Even if we were to determine on appeal that the claims of conversion, trespass, fraud, or concealment against LCWSA were not barred by the applicable statutes of limitations, the record indicates that LCWSA still would have been entitled to a summary judgment because Williams failed to demonstrate that a genuine issue of material fact existed or that LCWSA was not entitled to a judgment as a matter of law on those claims. Accordingly, we affirm the summary judgment in favor of LCWSA as to those claims.
Williams also contends that the trial court erred in entering a summary judgment in favor of LCWSA as to his claim of negligence. That claim is based on Williams’s assertion that LCWSA negligently installed, maintained, and operated the water lines and water system servicing his residence. He said that uneven water pressure in the system caused water pipes on his property to burst. Williams acknowledges that the negligence claim has a two-year statute of limitations, see § 6-2-38(1), Ala. Code 1975, but, he says, the last *249 incident involving the bursting of a water line occurred in 2014, within the limitations period. As part of his negligence claim, Williams also alleged that LCWSA provided unsafe drinking water.
“Pursuant to Ala. R. Civ. P. 56(c), a summary judgment is proper ‘if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ The burden of establishing that there is no genuine issue of material fact is on the movant. Berner v, Caldwell, 543 So.2d 686, 688 (Ala.1989). If the movant makes a prima facie showing of the absence of a genuine issue of material fact, then the burden shifts to the nonmovant to rebut the prima facie showing of the movant.”
Lucas v. Alfa Mut. Ins. Co., 622 So.2d 907, 908-09 (Ala.1993).
“The elements of a negligence claim are a duty, a breach of that duty, causation, and damage.” Armstrong Bus. Servs., Inc. v. AmSouth Bank, 817 So.2d 665, 679 (Ala.2001). In reviewing the evi-dentiary submission that LCWSA filed in support of its motion for a dismissal or a summary judgment, we find no evidence relevant to whether it breached a duty, if any, to Williams regarding the installation, maintenance, or operation of its water system or water lines or pipes. LCWSA also failed to address the negligence claim before the trial court or to discuss the propriety of the summary judgment entered as to that claim in its initial appellate brief. In its judgment, the trial court did not specifically address the negligence claim or provide any reason as to why a summary judgment in favor of LCWSA would be proper as to that claim.
Based on the record before us, we must conclude that LCWSA failed to meet its burden of demonstrating that no genuine issue of material fact exists or that it is entitled to a judgment as a matter of law regarding Williams’s • claim that LCWSA had negligently installed, maintained, or operated its water system, water lines, or pipes, resulting in burst lines or pipes on his property or negligently provided unsafe drinking water. See- Rule 56(c), Ala. R. Civ. P., and Armstrong Bus. Servs., Inc., supra. Thus, that portion of the summary judgment entered in favor of LCWSA as to the negligence claim is reversed.
In its brief in support of its application for rehearing, LCWSA asserts for the first time that certain statements made in affidavits of two LCWSA employees support the summary judgment in its favor on Williams’s negligence claim. However, in Fort James Operating Co. v. Stephens, 996 So.2d 833, 843-44 (Ala.2008), our supreme court held that it could not consider an argument the appellee, Stephens, raised for the first time in support of an application for rehearing. Accordingly, this court cannot consider LCWSA’s argument, made for the first time in support of its application for rehearing, regarding the propriety of the summary judgment as to Williams’s claim of negligence.
Finally, Williams argues that the trial court erred in “dismissing” McCafferty and the other “named defendants” when it granted LCWSA’s motion for. a summary judgment. Williams contends that McCafferty, NuSouth, and Rackley had no motions pending before the trial court.[4] Therefore, he says, the entry of the sum *250 mary judgment as to those parties “violates Rule 56(c)(2), [Ala. R. Civ. P.,] and was issued without any supporting materials filed by these named defendants.”
Contrary to Williams's assertion, McCaf-ferty did have a motion to dismiss pending before the trial court when the summary judgment was entered. In that motion, filed on August 17,. 2015, McCafferty argued that the first amended complaint failed to set forth any facts to support the claim of conspiracy and the civil claim alleging felonious theft of property, see §§ 6-5-370 and 13A-8-23, Ala. Code 1975, that Williams .had asserted against him. No evidentiary submissions were attached to that motion. On September 3, 2015, after McCafferty’s motion to dismiss had been filed, Williams filed a second amended complaint in which he added McCafferty as a defendant regarding the claim of trespass alleged in the first amended complaint. McCafferty did not file a motion to dismiss or for a summary judgment challenging that claim against him. Furthermore, McCafferty has not challenged Williams’s right to file the second amended complaint. See Rule 15(a), Ala. R. Civ. P.
In his appellate brief, McCafferty claims that the trial court’s summary judgment is properly viewed as a- judgment granting his motion to dismiss. He cites no authority for that proposition. He also states in his brief that Williams did not raise any challenge to the trial court’s “acceptance of McCafferty’s arguments that Williams failed'to state a claim against him,” As mentioned, however, McCafferty never filed a motion requesting that the trial court dismiss the claim of trespass that Williams made against him in the second amended complaint. McCafferty also fails to mention that claim in his appellate brief.
A fair reading of the judgment indicates that the trial court did not contemplate that “ground” as a reason for the entry of the summary judgment. Instead, the judgment clearly stated that the .trial court found “there is no genuine issue of material fact and that summary judgment is to be entered as-a matter of law .in favor of LCWSA and all remaining named Defendants in this action.” Therefore, we reject McCafferty’s assertion that, despite entering a summary judgment in his favor, the trial court actually agreed with him that Williams had failed to state claims against him and dismissed the claims—one of which was not even mentioned in McCaf-ferty’s motion to dismiss.
Williams argues that the trial court could not properly enter a summary judgment against defendants McCafferty, NuSouth,. and Rackley because they did not comply with the requirements of-Rule 56,. Ala. R. Civ. P.; specifically, he asserts that they failed to demonstrate to the trial court that there were no genuine issues of material. facts as to the claims against them and that they were entitled to a judgment as a matter of law as to those claims.
“[A]n entry of a summary judgment for the defendants would not be proper until they have complied with the requirement of the rule that they submit a narrative summary of what they contend to be the undisputed material facts. See Rule 56(c), Ala. R. Civ. P., Northwest Florida Truss, Inc. v. Baldwin County Comm’n, 782 So.2d 274 (Ala.2000), and Moore v. ClaimSouth, Inc., 628 So.2d 500 (Ala.1993).”
Singleton v. Alabama Dep’t of Corr., 819 So.2d 596, 600 (Ala.2001). Furthermore, the entry of a judgment in favor of the defendants who had not requested one deprived Williams of an opportunity to test their evidence or legal arguments.
“‘Under Rule 12 and Rule 56, Ala. R. Civ. P,, the nonmovant must receive “(1) adequate notice that the trial court in *251 tends to treat the motion as one for summary judgment and (2) a reasonable opportunity to present material in opposition.”’ Traywick v. Kidd, 142 So.3d 1189, 1195 (Ala.Civ.App.2013) (quoting Phillips v. AmSouth Bank, 833 So.2d 29, 31 (Ala.2002), quoting in turn Graveman v. Wind Drift Owners’ Ass’n, 607 So.2d 199, 202 (Ala.1992)).”
Johnson v. Dunn, 216 So.3d 1217, 1222 (Ala.Civ.App.2016).
Because McCafferty, NuSouth, and Rackley did not file motions for a summary judgment setting forth what each believed to be undisputed facts or stating why he or it was entitled to a judgment as a matter of law, the trial court had no basis upon which to - enter a summary judgment in their favor. Thus, the summary judgment in favor of McCafferty, NuSouth, and Rackley is improper. We note that, in his argument as to this issue, Williams did not challenge the propriety of the judgment as it pertained to A-l Title Loan. As mentioned, Williams’s pleadings and other documents-in the record do not make clear whether A-l Title Loan is a defendant in this action and, if so, whether it has been served. See note 3,' supra. Nonetheless, to the extent that Á-1 Title Loan is a defendant in this action, the judgment must be affirmed as to that defendant.
For the reasons set forth above, that portion of the judgment in favor of LCWSA on the negligence claim is reversed, as is that portion of the. judgment in favor of McCafferty, NuSouth, and Rackley as to the claims against them. The remainder of the judgment is affirmed.
APPLICATION OVERRULED; OPINION OF JUNE 17, 2016, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED
IN PART; REVERSED IN PART; AND REMANDED. '
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

, According to Williams, the lake house, where he resides, is not within the Rogersville city limits or in Limestone' County, but in Lauderdale County,

. In the letter, Williams explained that'he Was having difficulty keeping attorneys in the case. He said that the attorneys had given numerous reasons for their decisions not to represent him in the case,

. The record indicates that NuSouth and Rackley might be part of the same entity or that they might share an address. It appears that Williams treats them as separate defendants. NuSouth was served with the complaint in the 2015 action; however, we cannot determine from the record before us whether Rackley was served. Oalcfair Subdivision is not named in the style of the amended complaints and is not mentioned in the text of the amended complaints. In other words, no allegations are made against Oakfair, and the record indicates that an entity by that name was not served in the 2015 action. Additionally, A-l Title Loan is not named in the style of Williams’s amended complaints, although it is referred to as a defendant within the body of the first amended complaint. There is no indication in the record that A-l Title Loan was substituted for one of the fictitiously named defendants, which were identified as "Others A-Z.’’ Williams’s complaints suggest that there is a'relationship between A-l Title Loan and McCafferty. In his affidavit in opposition to LCWSA’s motion for a dismissal or a summary judgment, Williams states that he "believe[s] A-l Title Loan is a business owned or operated by” McCafferty. It does not appear from the record that an entity named A-l Title Loan was served with the complaint in the 2015 action. These matters were not discussed in the parties' briefs on appeal.

. We note that Williams does not mention A-l Title Loan when arguing that the trial court improperly entered a summary judgment against the other "named defendants.”