THOMPSON, Presiding Judge.
Sandra Vincent and Orderick Vincent appeal from a summary judgment the Dallas Circuit Court ("the trial court") entered in favor of Kondaur Capital Corporation ("Kondaur") in its ejectment action against the Vincents. However, the appeal of that judgment is due to be dismissed as untimely.
Briefly, the record indicates that Kondaur foreclosed on property ("the property") the Vincents had purchased with the proceeds from a loan, which was secured by a mortgage held by Kondaur. Kondaur purchased the property at a foreclosure sale on December 6, 2013. The Vincents refused to vacate the property, and on March 14, 2014, Kondaur filed an ejectment action against them. The Vincents answered, asserting that Kondaur's title to the property was due to be set aside. They also asserted two counterclaims alleging fraud and breach of contract. Specifically, the Vincents alleged that Kondaur had made false representations that it would not pursue foreclosure during the loan-modification process as well as regarding other terms and costs they say were material to the mortgage and foreclosure. The Vincents also alleged that Kondaur "owed a duty" to them pursuant to the mortgage and loan-modification documents and that, in accelerating the loan and going forward with the foreclosure, Kondaur breached the terms of the loan modification.
The litigation proceeded, and on January 29, 2016, Kondaur filed a properly supported motion for a summary judgment on its claim against the Vincents. As part of its evidentiary submission and argument, Kondaur demonstrated that it possessed legal title to the property and that the Vincents remained on the property unlawfully. In response to Kondaur's motion, the Vincents, who were appearing pro se at that point in the litigation, submitted a handwritten document stating that they would use Kondaur's evidentiary submission "to show how [Kondaur has] committed mortgage servicing fraud, wrongful foreclosure, falsified documents, altered documents, dual tracking and more."
The Vincents also requested an opportunity to demonstrate to the trial court that their allegations against Kondaur were true. They made no evidentiary submission of their own at that time. In subsequent *1000 letters to and/or filings in the trial court, the Vincents stated that they were "prepared to provide the documents that [they had] indicated would be evidence" to support their contentions "on the day of summary judgment." Documents pertaining to the mortgage or the loan-modification process were attached to some of those filings. In their subsequent letters to and/or filings in the trial court, the Vincents continued to maintain that the foreclosure on the property was wrongful and to accuse Kondaur of fraud, breach of the terms of the mortgage and the loan-modification process, and other misconduct in connection with the foreclosure.
The trial court held a hearing on Kondaur's motion for a summary judgment on September 29, 2016. No transcript of that hearing is available. On March 15, 2017, the trial court entered a judgment stating that, based on the testimony taken at the September 29, 2016, hearing, the motion for a summary judgment, and the documentation supporting the motion, the summary-judgment motion was granted. The trial court awarded Kondaur possession of the property and ordered the Vincents to vacate and surrender the property within five days of the entry of the judgment.
The Vincents had until April 14, 2017-30 days after the summary judgment was entered-to file a postjudgment motion. See Rule 59(b), Ala. R. Civ. P.; Burgess v. Burgess, 99 So.3d 1237, 1239 (Ala. Civ. App. 2012). However, it was not until May 11, 2017-57 days after the judgment was entered-that they filed what they titled "emergency motion to set aside judgment and stay writ of possession." Because the Vincents' postjudgment motion to set aside the judgment-which we construe as a Rule 59 motion to alter, amend, or vacate the judgment-was untimely, the trial court no longer had jurisdiction over this matter. Therefore, the trial court's orders regarding the Vincents' motion to set aside, as well as their subsequent requests for a new trial and mediation, were void because the trial court had lost jurisdiction to consider those motions.[1] Burgess, supra. We note that the substance of the Vincents' postjudgment motion does not state a ground to set aside the judgment that would allow us to consider it as a motion filed pursuant to Rule 60(b), Ala. R. Civ. P. See Brasfield & Gorrie, L.L.C. v. Soho Partners, L.L.C., 35 So.3d 601, 604 (Ala. 2009) ("It is well settled that '[t]his Court will look at the substance of a motion rather than its title, to determine how that motion is to be considered under the Alabama Rules of Civil Procedure.' " (quoting Pontius v. State Farm Mut. Auto. Ins. Co., 915 So.2d 557, 562-63 (Ala. 2005) ).
The Vincents argue that the summary judgment did not resolve the counterclaims they filed against Kondaur and, therefore, that the judgment was not final; we disagree. Although the trial court did not explicitly rule on the fraud and breach-of-contract counterclaims, the language of the summary judgment indicates that the *1001 trial court implicitly denied those claims. Thus, the judgment is deemed final. Jones v. DeRamus, 199 So.3d 74, 75 (Ala. Civ. App. 2015) ; and Horton v. Perkins, 17 So.3d 235, 237 n. 2 (Ala. Civ. App. 2009). For example, in Hingle v. Gann, 368 So.2d 22, 23-24 (Ala. 1979), our supreme court held that claims seeking money damages for trespass asserted by both a plaintiff and a defendant were implicitly denied when the judgment entered established a boundary line but did not mention those claims. More recently, in Ervin v. Stackhouse, 64 So.3d 666, 672 (Ala. Civ. App. 2010), this court held that when a trial court did not award damages on a claim, that claim was implicitly denied.
In this case, by awarding Kondaur possession of the property, the trial court necessarily had to have determined that the foreclosure was not the result of fraud or breach of contract on Kondaur's part. Thus, we conclude that the judgment in favor of Kondaur implicitly denied the Vincents' counterclaims and conclusively decided all the controversies between the parties. Faith Props., LLC v. First Commercial Bank, 988 So.2d 485, 490 (Ala. 2008). Accordingly, the March 15, 2017, judgment was final and able to support an appeal.
The Vincents appear to assert that the time in which they had to file their notice of appeal began to run when the trial court purported to deny their untimely postjudgment motions and purported to reinstate the writ of possession. Because the trial court did not have jurisdiction to rule on those motions, their argument is without merit.
The untimely postjudgment motion or motions did not extend the time for appeal. Bice v. SCI Alabama Funeral Home Servs., 764 So.2d 1280, 1281 (Ala. Civ. App. 2000). The Vincents did not file their notice of appeal until November 28, 2017, well beyond 42 days after the entry of the March 15, 2017, final judgment.[2] See Rule 4(a)(1) and (3), Ala. R. App. P. "The timely filing of [a] notice of appeal is a jurisdictional act." Rudd v. Rudd, 467 So.2d 964, 965 (Ala. Civ. App. 1985). Because the Vincents' notice of appeal was untimely, it did not invoke the jurisdiction of this court, and, therefore, this appeal must be dismissed. See Rule 2(a)(1), Ala. R. App. P. Holt v. State ex rel. Jones, 185 So.3d 452, 453 (Ala. Civ. App. 2014).
APPEAL DISMISSED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

On June 23, 2017, the Vincents filed a "motion to [sic] for new trial" that, within the body of the motion, stated that it was filed pursuant to Rule 60(b), Ala. R. Civ. P. In that motion, the Vincents claimed to have "newly discovered evidence that would need to be considered in resolving this case." The motion then quoted the first three grounds for relieving a party of a judgment as set forth in Rule 60(b). The motion did not disclose the "newly discovered evidence." In their brief on appeal, the Vincents' arguments pertain only to the propriety of the summary judgment and not to the denial of the Rule 60(b) motion, and they make no argument regarding "newly discovered evidence" on appeal. Thus, any arguments the Vincents could have made as to that issue are deemed waived. Tucker v. Cullman-Jefferson Counties Gas Dist., 864 So.2d 317, 319 (Ala. 2003) ; Williams v. Limestone Cty. Water & Sewer Auth., 223 So.3d 240, 248 (Ala. Civ. App. 2016).

The Vincents appealed to our supreme court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.